■ Patricia D. Evans, Respondent, v Sharon L. Beebe, Appellant. [699 NYS2d 803] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered April 16, 1999 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action alleging that she

sustained personal injuries when the vehicle in which she was riding as a passenger was struck on the driver's side by defendant's vehicle. After issue was joined, defendant moved for summary judgment alleging that plaintiff's injuries did not meet the "serious injury" threshold as required by Insurance Law § 5102 (d). Supreme Court denied the motion without written decision and defendant now appeals.

Initially, we note that defendant's medical evidence, which included the reports from an independent medical examiner and an orthopedic surgeon who examined plaintiff and found no physical abnormality or objective evidence of injury, was sufficient to establish that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Grebleski v Mace*, 241 AD2d 888; *Fuller v Steves*, 235 AD2d 863). Contrary to the apparent conclusion reached by Supreme Court, however, we are of the view that plaintiff's proof in opposition was insufficient to raise a question of fact regarding her allegations that she sustained a serious injury under the "permanent loss of use of a body organ, member, function or system", "significant limitation of use of a body function or system" and "90/180" categories of Insurance Law § 5102 (d).

Disregarding the affidavits of plaintiff's physical therapists, who "cannot by definition diagnose or make prognosis and [are] incompetent to determine the permanency or duration of a physical limitation" (*Delaney v Lewis*, 256 AD2d 895, 897), plaintiff's opposing proof primarily consisted of affidavits from her chiropractor and family physician who both noted that plaintiff suffered from muscle spasms and tissue inflammation but failed to identify the diagnostic tests which formed the basis of the conclusory opinions, and further failed to find that plaintiff suffered any loss of range of motion (*see, Uhl v Sofia*, 245 AD2d 988). Moreover, neither the chiropractor nor the family physician offers the specific opinion that plaintiff sustained an injury which would satisfy any of the "serious injury" categories alleged (*see, Tankersley v Szesnat*, 235 AD2d 1010). Finally, plaintiff sustained loss of employment for less than 90 of the 180 days following the accident and her self-serving affidavit describing limitations on recreational and other activities is not supported by her medical records (*see, Burnett v Zito*, 252 AD2d 879). Accordingly, Supreme Court erred in denying defendant's summary judgment motion.

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

In my view, plaintiff presented evidence which, when viewed in the light most favorable to her, was adequate to withstand

defendant's motion for summary judgment. Plaintiff's burden was to produce competent medical evidence, based on objective clinical findings, supporting her claim of serious physical injury (*see, Lanuto v Constantine*, 192 AD2d 989, *lv denied* 82 NY2d 654; *see also, Eisen v Walter & Samuels*, 215 AD2d 149, 150). She met this burden by tendering affidavits from her treating physician and chiropractor attesting to clinical findings including "soft tissue nerve impingement * * * marked muscle spasms in her trapezius, interscapular and upper thoracic paravertebral muscles [and] a high degree of soft tissue irritability". I do not share the majority's view that the absence of "diagnostic tests" is fatal to plaintiff's claim. Certain physical injuries or conditions, identifiable upon physical examination, are not necessarily discernible upon or amenable to diagnostic testing procedures. ·

Believing that plaintiff has demonstrated the existence of a triable issue as to whether she sustained a serious injury in the form of a significant limitation of use of a body function or system, I would affirm the order of Supreme Court.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.