■ SHEILA E. MCCARTHY et al., Appellants, v DOUGLAS PER-AULT, Respondent. [716 NYS2d 463] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 28, 1999 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff John F. Gallup (hereinafter plaintiff) was in a motor vehicle accident on December 19, 1995. Although he did not initially experience pain, after that day stiffness in his shoulder and neck prompted a visit to the emergency room where he was diagnosed with muscle strain and given pain medication. In February and April 1996, he complained of neck pain and stiffness to his family doctor who recommended a course of physical therapy which was administered from April to May 1996. Commencing June 1996, he was treated by George Mina, an orthopedic surgeon. Starting in September 1997, he was reporting numbness, tingling and weakness in his hands. Mina ultimately opined that due to the aforementioned motor vehicle accident, plaintiff's preexisting asymptomatic arthritic changes (spurs on his cervical vertebrae) now impinged upon his cervical nerves. This caused inflammation, neck pain and restriction in range of motion as well as left shoulder and arm pain and numbness in the fingers of his left hand. Mina diagnosed permanent, chronic cervical syndrome with radiculopathy, concluding that the symptoms could worsen with time and result in a permanent limitation of the use of his neck and left outer fingers. Plaintiff claimed to also suffer from severe headaches, all of which disrupted his normal activities, yet such additional symptoms were not recorded in Mina's records.

In April 1997, plaintiff and his wife, derivatively, commenced this action alleging, *inter alia*, that the injuries he sustained were "serious" within the meaning of Insurance Law § 5102 (d) and permanent. Together with the service of an answer in August 1997, defendant interposed a demand for a bill of particulars seeking a statement of such injuries and a description of the permanent injuries that plaintiff would claim at the time of trial. Plaintiff timely responded with full detail to all numerically delineated queries except No. 7 which requested a description of his "permanent" injuries. Notably, in response to any question which plaintiff failed to find relevant, the number of the question was listed with a notation of "not applicable"; yet a response to question No. 7 was omitted in its entirety.

In June 1998, depositions of all parties were conducted. Defendant proffered a motion for summary judgment in April 1999, contending, *inter alia*, that plaintiffs should not be permitted to invoke the sections of Insurance Law § 5102 (d)

pertaining to permanent injuries since no such injuries were detailed in the bill of particulars. Defendant also asserted that plaintiff's injuries failed to establish that he suffered a nonpermanent medically-determined injury that substantially curtailed his usual activities for at least 90 out of the 180 days following the accident (see, Insurance Law § 5102 [d]). Supreme Court granted summary judgment by finding that plaintiff was not claiming any "permanent injury" and further that he failed to establish a prima facie showing of serious injury since he did not offer medical evidence indicating that he could not substantially perform all of his customary activities for 90 out of 180 days following the accident. Plaintiffs appeal and we reverse.

As the proponent of this motion, defendant sustained his burden of establishing, as a matter of law, that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d) (see, Anderson v Persell, 272 AD2d 733) by the offer of plaintiff's deposition testimony and medical records detailing the conclusion of the emergency room physician that plaintiff's neck was supple and only slightly stiff. Further included were records from both plaintiff's family physician who found only mild tenderness and from Mina which noted only slight restrictions in motion. With records from physical therapy detailing a vacillating range of neck motion between normal to minimally restricted, and muscle spasms ranging from minimal to moderate, the burden shifted to plaintiffs to raise a triable issue based upon objective medical findings and diagnostic tests (see, Anderson v Persell, supra).

Contrary to Supreme Court's determination, we find that plaintiffs' proffer of their own affidavits as well as Mina's affidavit demonstrated that a specific serious injury had been identified and that the injury claimed was not merely a minor limitation (see, Gaddy v Eyler, 167 AD2d 67, 70-71, affd 79 NY2d 955). Mina's affidavit detailed that plaintiff had an onset of radiating neck pain caused by the accident which also exacerbated his preexisting arthritis. Arthritic spur impingement upon cervical vertebrae caused inflammation, neck, left shoulder and arm pain, numbness in his hands and restriction in his range of neck motion. A May 1999 physical examination of plaintiff by Mina revealed that plaintiff's neck flexion was reduced to 30 degrees from a normal flexion of 45 degrees, his neck extension was reduced to 20 degrees from a normal extension of 45 degrees, and that the lateral bending of his neck was 20 degrees from a normal bending of 30 degrees. Mina further opined that due to the longevity of the condition and his

complaints, plaintiff suffered from a "serious injury" within the meaning of the Insurance Law, such injury being a permanent condition of chronic cervical syndrome with radiculopathy resulting in a permanent consequential limitation of use of his neck and his left small finger and left ring finger, all of which may worsen in time. Medical records proffered by plaintiffs indicate that the loss in the range of his neck motion had been consistent since August 1996, notwithstanding a September 1997 notation indicating some improvement with "only a slight possibility * * * that he might have a very mild residual permanent disability."

Because plaintiff failed to detail a response to question No. 7 posed in defendant's bill of particulars, Supreme Court did not consider the aforementioned records and affidavits pertaining to the "permanence" of plaintiff's injuries. Recognizing that the complaint specifically alleged permanence and that defendant did not move or otherwise request a response to such question (*see*, CPLR 3042 [c]) upon learning of the omission, we find the result to be harsh.

Based upon the proffer of competent evidence with objective indicia revealing more than " 'a mild or minor decrease or limitation in range of motion or use' " (*Tompkins v Burtnick*, 236 AD2d 708, 709, quoting *Podwirny v De Caprio*, 194 AD2d 1057), in our view the 33% reduction in range of neck motion, deemed permanent by an orthopedist, qualifies as a "serious injury" within the meaning of Insurance Law § 5102 (d), whether or not severely painful (*cf.*, *Sellitto v Casey*, 268 AD2d 753). With such evidence creating a triable issue of fact as to "permanence" within the meaning of Insurance Law § 5102 (d), we find that the matter should be tried before a jury and Supreme Court's order granting defendants' motion for summary judgment dismissing the complaint is reversed.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.