■ BARBARA HEATH, Respondent, v MICHELE ALLERTON, Appellant, et al., Defendant. [718 NYS2d 901] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 23, 2000 in Greene County, which denied defendant Michele Allerton's motion for summary judgment dismissing the complaint against her.

In February 1997, plaintiff allegedly sustained certain injuries when the vehicle that she was operating was struck from behind by a vehicle operated by defendant Brenda Livingston which, in turn, had been rear-ended by a vehicle operated by defendant Michele Allerton (hereinafter defendant). Plaintiff was treated and released from a local hospital and, during the year that followed, underwent physical therapy and sought treatment from a variety of physicians. Thereafter, in March 1998, plaintiff commenced this action alleging that she had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Specifically, plaintiff alleged that she sustained, *inter alia*, a permanent loss of use or a permanent consequential limitation of use of a body member (her left arm and left shoulder) and/or a significant limitation of use of a body system (her spine). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against her. Supreme Court denied the motion, finding that the record

as a whole raised a question of fact as to whether plaintiff suffered either a permanent loss of use or a significant limitation of use of her cervical spine and/or shoulders. This appeal by defendant ensued.

As a starting point, we are persuaded that defendant met her initial burden of demonstrating her entitlement to judgment as a matter of law. In support of her motion, defendant tendered two affidavits from James Holmblad, an orthopedic surgeon, who conducted an independent medical examination of plaintiff in July 1999. Holmblad averred that upon examining plaintiff, he found that she had full range of motion in her lumbar and upper thoracic spine and full extension and flexion in her neck. Although Holmblad noted a 10% restriction with respect to plaintiff's left and right lateral rotations, he opined that such minimal restrictions would not preclude her from participating in any specific physical activities. With respect to the disc herniations and/or bulges noted on the MRI study brought to the examination by plaintiff, Holmblad was of the view that such findings reflected a condition that was degenerative in nature and preexisted the underlying automobile accident. As to the issue of permanency, while Holmblad's report could have been written with greater clarity, it is apparent from a review of the report and the accompanying affidavits that Holmblad plainly was of the view that any injuries sustained by plaintiff as a result of the accident were not permanent in nature.

In opposition, plaintiff tendered the one-paragraph affidavit of her treating chiropractor, which incorporated by reference two pages of office notes taken during an October 1999 examination of plaintiff. Although the office records recite that certain tests were performed on plaintiff's cervical spine and apparent range of motion deficits are noted, the records are utterly devoid of any explanation of the actual tests performed, the significance of the findings revealed by such tests or whether, with a reasonable degree of medical certainty, the injuries allegedly suffered by plaintiff are causally related to the February 1997 accident and/or are permanent in nature. Indeed, the only "opinion" recited by plaintiff's chiropractor was that her condition was "most likely" due to the February 1997 accident as plaintiff related no history of problems prior to that date.

In our view, the scant office notes and unexplained findings contained therein are insufficient to raise a question of fact as to whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). To the extent that the MRI

report contained in the record reflects certain disc herniations or bulges in plaintiff's cervical spine, nothing in the report or the chiropractor's affidavit or office notes ties the deficiencies noted to the February 1997 accident. We therefore conclude that plaintiff failed to tender sufficient admissible proof to raise a question of fact on the issue of serious injury and, thus, Supreme Court erred in denying defendant's motion.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Michele Allerton and complaint dismissed against her.