■ WILLIAM H. BLANCHARD, Respondent, v SAM WILCOX, Defendant, and JOHN F. GONYO, Appellant. [725 NYS2d 433] —Spain, J. Appeal from an order of the Supreme Court (Lahtinen, J.), entered February 25, 2000 in Clinton County, which partially denied defendant John F. Gonyo's motion for summary judgment dismissing the complaint against him.

Plaintiff alleges that he was injured on December 12, 1996 when the vehicle he was driving was struck by a vehicle owned by defendant John F. Gonyo (hereinafter defendant) and driven by defendant's daughter in the Town of Plattsburgh, Clinton County. Plaintiff commenced this negligence action in 1998, and later alleged in his bill of particulars that he sustained serious physical injuries within the meaning of Insurance Law § 5102 (d), including "neck and upper back pain, migraines daily, tenderness to palpation in the C3 to T10 region bilaterally along the spine, [and] tenderness in palpation over plaintiff's bilateral scapula in the region of his mid trapezius musculature." Defendant thereafter moved for summary judgment dismissing the complaint against him in its entirety on the ground that plaintiff failed to establish that he sustained a serious injury as defined in Insurance Law § 5102 (d).

Supreme Court held that defendant—on the motion—had met his initial burden of establishing that plaintiff did not sustain a statutory serious injury and granted the motion to the limited extent of dismissing plaintiff's claim of a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). Supreme Court concluded, however, that plaintiff had produced sufficient evidence to raise triable issues of fact as to whether he sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), as well as a "medically determined injury or impairment of a nonpermanent nature which prevents [plaintiff] from performing substantially all of the material acts which constitute [plaintiff's] usual and.customary daily activities for not less than [90] days during the [180] days immediately following the [accident]" (Insurance Law § 5102 [d]). Defendant alone appeals. Because we conclude that plaintiff failed to establish that he sustained a "serious injury" as defined by any of the section 5102 (d) categories, defendant is entitled to summary judgment dismissing the complaint against him in its entirety.

It is undisputed that defendant sustained his initial evidentiary burden of presenting evidence in admissible form warranting a finding, as a matter of law, that plaintiff did not sustain an Insurance Law § 5102 (d) serious injury (*see*, *Gaddy v Eyler*, 79 NY2d 955; *La Rue v Tucker*, 247 AD2d 702). Defendant presented evidence that chest, cervical spine and lumbosacral spine X rays and a head CAT scan taken at the emergency room immediately after the accident were all negative, and an examination revealed no neurological deficits. A January 1998 MRI of plaintiff's neck and February 1998 electrophysiologic studies including EMG's and nerve conduction studies produced normal results. The affidavit memorializing a December 1998 independent medical examination by a Board-certified neurologist revealed no head or cranial nerve abnormalities or neurological deficits, noting only plaintiff's subjective complaints of extreme pain. This evidence amply satisfied defendant's initial burden of demonstrating that plaintiff did not sustain a serious injury.

In contrast, plaintiff's evidentiary showing in opposition to the foregoing was deficient in that it failed to set forth competent medical evidence based upon objective medical findings and tests to support his claim of serious injury and to connect the condition to the accident (*see*, *Licari v Elliott*, 57 NY2d 230, 235, 239; *Rose v Furgerson*, 281 AD2d 857, 859; *cf.*, *Evans v Hahn*, 255 AD2d 751). Other than his own EBT testimony regarding his treatment, injuries and limitations, plaintiff

relied solely on the January 2000 affidavit of his treating physician, Honorio Dispo, who first examined him in September 1997, diagnosing a "musculoligamentous injury to the neck and interscapular area and post-traumatic bilateral carpel tunnel syndrome." Dispo opined in his affidavit, without explanation, that the injuries were causally related to the December 1996 motor vehicle accident and left plaintiff "temporarily totally disabled." Dispo's affidavit reflects that he treated plaintiff until March 1998, noted plaintiff's ongoing complaints of severe pain and reported at the follow-up visits continuing palpable spasms, multiple areas of painful trigger points, tightness on palpation, numbness on pin-prick of both arms and hands and limited range of motion, and continued his temporary total disability assessment. There is no indication that Dispo ever examined plaintiff after the last follow-up visit in March 1998 and before he prepared his January 2000 affidavit. Dispo concluded his 2½-page affidavit by reciting the entire statutory definition of "serious injury" found in Insurance Law § 5102 (d) and opining in conclusory fashion that plaintiff sustained an unspecified serious injury within that definition.

Plaintiff's submissions are insufficient to establish that he suffered a significant limitation of use of a body function or system or an injury in the 90/180-day category. Although Dispo's affidavit referred to limited range of motion, spasms, tightness and trigger points, it failed to provide any quantification or detail as to how these findings were objectively ascertained or to identify any diagnostic tests relied upon, merely observing that plaintiff "was able to move his neck only minimally" (*see, Pantalone v Goodman*, 281 AD2d 790; *Rose v Furgerson, supra*; *Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 770; *Gillick v Knightes*, 279 AD2d 752, 752-753; *Evans v Beebe*, 267 AD2d 828, 829, *lv denied* 94 NY2d 762; *see also, Licari v Elliott, supra*, at 239; *cf., McCarthy v Perault*, 277 AD2d 664, 665-666; *Barbagallo v Quackenbush*, 271 AD2d 724, 725; *McGuirk v Vedder*, 271 AD2d 731, 732).

A "significant" limitation of use requires something more than a minor limitation of use (*see, Licari v Elliott, supra*, at 236), and plaintiff's subjective complaints of pain and medical opinions based thereon are not sufficient to establish a serious injury (*see, Crandall v Sledziewski*, 260 AD2d 754, 757, *lv denied* 93 NY2d 811; *see also, Gaddy v Eyler*, 79 NY2d 955, 957, *supra*; *Tankersley v Szesnat*, 235 AD2d 1010, 1011). Plaintiff's evidentiary submissions in opposition in general, and Dispo's affidavit in particular, did not set forth competent medical evidence based on objective findings and diagnostic

tests sufficient to overcome defendant's proof and create a triable factual issue on his claim that he sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Tankersley v Szesnat, supra,* at 1011-1012). Accordingly, defendant was entitled to summary judgment dismissing plaintiff's claim of serious injury under the significant limitation category.

With regard to plaintiff's claim of serious injury under the 90/180-day category, aside from plaintiff's EBT testimony detailing his claimed inability to work or engage in any normal activities since the accident, plaintiff failed to provide sufficient medical evidence to confirm the existence of a medically determined injury attributable to the accident during the 90/180-day statutory period; he likewise failed to support the conclusion that the restrictions on his activities during that period were medically indicated and causally related to the injuries sustained in the accident (*see, Barbarulo v Allery,* 271 AD2d 897, 900-901; *Evans v Beebe, supra,* at 829; *cf., Hines v Capital Dist. Transp. Auth.,* 280 AD2d 768, 770-771, *supra*).

Dispo did not examine plaintiff until nine months after the accident, and the only medical records on which he relied from the pertinent time period were the emergency room records, which do not establish a medically determined injury or impairment substantiating plaintiff's inability to engage in substantially all of his normal daily activities. No other medical records from the statutory period were submitted by plaintiff. Also, Dispo's conclusory statement that, as a result of the December 1996 accident, plaintiff was "temporarily totally disabled" from his first exam on September 25, 1997 until his last exam of March 19, 1998—well after the 90/180-day period—was insufficient; indeed, Dispo never stated in his affidavit that plaintiff was unable to work or engage in normal activities during the statutory period or thereafter and made no attempt to describe medically indicated limitations on his activities, expressly advising plaintiff "to be as active as possible" (*see, La Rue v Tucker,* 247 AD2d 702, 704, *supra; see also, Gaddy v Eyler, supra,* at 958).

Accordingly, defendant's motion for summary judgment dismissing the complaint against him in its entirety should have been granted.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as partially denied defendant John F. Gonyo's motion for summary judgment; said motion granted in its entirety, summary judgment awarded to said defendant

and complaint dismissed against him; and, as so modified, affirmed.