■ DOLORES CREECH, Plaintiff, and EARLINE ROWLETT, Appellant, v ROBERT D. WALKER, Respondent. [784 NYS2d 655]—

Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered August 11, 2003 in Albany County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

This action was commenced by the driver, plaintiff Dolores Creech, and the front-seat passenger, plaintiff Earline Rowlett, of a vehicle that was rear-ended by defendant's car on April 17, 2000 in the City of Albany. Defendant moved for summary judgment dismissing the complaint on the ground that neither plaintiff suffered a "serious injury" (see Insurance Law § 5102 [d]). Supreme Court partially dismissed Creech's claim, limiting the categories of serious injury she could pursue, and dismissed Rowlett's action in its entirety. Rowlett appeals.

Rowlett argues that she submitted ample evidence to raise a factual issue regarding the 90/180-day category of serious injury. To establish the 90/180-day category, the proof must include objective evidence of a medically determined injury flowing from the accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002]; *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]) and that, during the relevant time following the accident, the injury caused a curtailment of customary activities "to a great extent" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; see *Badger v Schinnerer*, 301 AD2d 853, 854 [2003]). In her bill of particulars, Rowlett asserted that she suffered, among other things, low back pain and hip pain causing her to be totally incapacitated for five days and that, upon returning to work, she was moved from her position as a home health aid to that of a receptionist because of her injuries.

In support of his motion, defendant submitted Rowlett's medical records and the affirmed medical report of Cyril Shea, the doctor who performed an independent medical examination of Rowlett. X-ray reports from over a year before the accident indicated degenerative conditions in Rowlett's hips and spine. She also sustained injuries to her groin and right leg shortly before the accident. Shea's detailed report concluded that, while Rowlett had medical problems caused by her degenerative conditions, the only injury related to the accident was a lumbosacral sprain, which he characterized as minor and having some transient and self-limited aggravation of the low back.

Rowlett does not contest that the proof submitted by defendant satisfied his threshold showing of entitlement to summary judgment shifting to her the burden of producing competent proof to defeat the motion. In opposition, she submitted her own affidavit and certain postaccident medical records. While an orthopedist that Rowlett visited on April 26, 2000 noted a lumbosacral strain secondary to the motor vehicle accident, subsequent reports in May 2000 from that doctor and Rowlett's primary care physician indicated improvement in her condition. The medical proof submitted, consisting only of selected medical records, failed to sufficiently set forth objective evidence linking the alleged curtailment of Rowlett's activities following the accident to an injury or exacerbation of a preexisting condition sustained in the accident (*see Blanchard v Wilcox, supra* at 824; *Evans v Beebe*, 267 AD2d 828, 829 [1999], *lv denied* 94 NY2d 762 [2000]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.