■ JACK D. CODY et al., Respondents, v LAURIE A. PARKER, Appellant. [693 NYS2d 769] —Mikoll, J. P. Appeal from an order

of the Supreme Court (Dier, J.), entered September 25, 1998 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Jack D. Cody (hereinafter plaintiff) and his wife, derivatively, commenced this action alleging that plaintiff sustained serious injuries in a November 1994 automobile accident when his vehicle, stopped at a traffic light, was struck in the rear by defendant's vehicle. At the time of this accident, plaintiff was under the care of a neurologist, Fred Scialabba, for back and neck injuries sustained in an accident in January 1994 and was on light duty in his employment as an assistant building superintendent. Following discovery, defendant moved for summary judgment on the ground that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion, prompting this appeal.

We reverse. A defendant seeking summary judgment has the initial burden of establishing that the plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Uhl v Sofia*, 245 AD2d 988, 989). Contrary to plaintiff's assertion that defendant could make the requisite showing only with a physician's affidavit or affirmation, a moving defendant may rely on unsworn reports of the plaintiff's treating physician (*see, Tankersley v Szesnat*, 235 AD2d 1010, 1012, n 3; *Torres v Micheletti*, 208 AD2d 519; *Pagano v Kingsbury*, 182 AD2d 268, 270-271). Here, defendant relied upon, *inter alia*, plaintiff's medical records which failed to indicate that he suffered any additional injuries, or aggravation of his preexisting condition, in the second accident. Plaintiff acknowledged in his deposition testimony that he declined medical treatment at the scene, and otherwise sought no medical attention specifically related to the November accident. Although he called the doctor's office the same day complaining of a burning sensation in his neck, he did not see Scialabba until his next regularly scheduled appointment in January 1995.

Faced with defendant's submissions, it was incumbent upon plaintiff to "set forth 'competent medical evidence based upon objective medical findings and diagnostic tests to support his claim * * * [because] subjective complaints of pain * * * absent other proof [are] insufficient to establish a "serious injury" ' " (*Tankersley v Szesnat, supra*, at 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150). This plaintiff failed to do. Plaintiff's admissible evidence consisted only of his own affidavit and that of Scialabba. Scialabba's affidavit does not

allude to any objective medical findings or opine that plaintiff sustained a serious injury in the November 1994 accident. Rather, he states only that following the second accident, it "appeared" that plaintiff had increased cervical pain and a worsening of his earlier condition. Those portions of plaintiff's submissions consisting of unsworn letters from Scialabba to plaintiff's general practitioner and attorney are of no probative value (see, Parmisani v Grasso, 218 AD2d 870, 871-872; Pagano v Kingsbury, 182 AD2d 268, 270, supra). Even were they properly considered, Scialabba's correspondence does not aid plaintiff's cause. His letters to plaintiff's general practitioner refer only to the January 1994 accident, while the letter to plaintiff's attorney states only that the November accident worsened plaintiff's condition, without rendering an opinion that it resulted in a serious injury.

Nor do plaintiff's submissions raise a triable issue of fact as to whether the November accident resulted in a "medically determined injury or impairment of a non-permanent nature" which prevented him from performing his usual daily activities for at least 90 of the first 180 days after the accident (Insurance Law § 5102 [d]; see, La Rue v Tucker, 247 AD2d 702, 704). Scialabba's affidavit makes no reference to plaintiff's inability to perform his customary activities as a result of either accident, and his letters, inadmissible in any event, indicate only that plaintiff was disabled as a result of the January 1994 injury. Plaintiff acknowledged that he lost no time from work as a result of the second accident and continued to work for a year thereafter. Both he and his wife testified that the degree to which his daily activities were limited did not change after the November accident.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.