■ MARK A. SKELLHAM et al., Respondents, v ROGER A. HENDRICKS et al., Appellants. [704 NYS2d 684] —Crew III, J. Appeals (1) from two orders of the Supreme Court (Ingraham, J.), entered December 4, 1998 and December 11, 1998 in Chenango County, which denied defendants' motions to set aside the verdict and/or for a new trial, and (2) from a judgment of said court (Dowd, J.), entered February 16, 1999 in Chenango County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action to recover damages for injuries they allegedly sustained as the result of an automobile accident that occurred in June 1994 in the Village of New

Berlin, Chenango County. A jury trial ensued and at the close of the evidence, Supreme Court directed a verdict in favor of plaintiffs on the issue of liability. The jury thereafter determined that plaintiffs had sustained compensable serious injuries as defined by Insurance Law § 5102 (d). Plaintiff Mark A. Skellham was awarded a total of $622,000, including $250,000 for past pain and suffering, $130,000 for future pain and suffering, $20,000 for past lost earnings, $200,000 for future loss of earnings and $22,000 for future medical expenses. Plaintiff Belinda Skellham was awarded $20,000 for past pain and suffering. Defendants' posttrial motion to set aside the verdict or, in the alternative, to reduce the damage award was denied, as was their subsequent motion for reconsideration. Defendants now appeal from these orders, as well as the judgment entered upon the verdict.

Defendants first contend that plaintiffs failed to prove that they sustained serious injuries within the meaning of Insurance Law § 5102 (d) and, therefore, defendants' motion for a directed verdict should have been granted. With regard to Mark Skellham, we find defendants' argument unavailing. Plaintiffs' orthopedic surgeon testified that Mark Skellham suffered from medial epicondylitis with right ulnar neuropathy and partial motion loss of the right elbow, rotator cuff tendonitis and bursitis of the right shoulder, as well as cervical syndrome. Mark Skellham underwent surgery on his elbow in July 1996 and arthroscopic surgery on his right shoulder in May 1998, which the orthopedic surgeon testified resulted in significant surgical scarring to his right arm. In addition to his subjective complaints of pain, reduced strength and loss of function, diagnostic tests revealed that the circumference of Mark Skellham's right forearm was considerably less than that of his left. The orthopedic surgeon testified that this was especially significant inasmuch as Mark Skellham is right hand dominant and, as such, his right forearm would be expected to be slightly larger than his left. Moreover, measurements taken of Mark Skellham's right elbow indicated that it was considerably swollen as compared to the size of his left elbow. Mark Skellham having presented sufficient, objective medical evidence that he suffered a serious injury as a result of the accident, the jury's verdict with respect to him should not be disturbed.

With regard to Belinda Skellham, however, we find that defendants' motion should have been granted. Plaintiffs' orthopedic surgeon testified that he was aware that at the time of the instant accident, Belinda Skellham still was symptomatic in connection with a cervical injury she sustained as the result

of a 1991 car accident. He examined her on three occasions, diagnosed her as suffering from cervical syndrome and myofacial pain syndrome in the shoulder muscles and upper mid-back region, and concluded that 75% of her cervical syndrome was attributable to the June 1994 accident and 25% to her preexisting condition. He further asserted that all of Belinda Skellham's complaints concerning her back and hip were attributable to the June 1994 accident. On cross-examination, however, he acknowledged the absence of any objective findings that would substantiate any of Belinda Skellham's subjective complaints and, accordingly, the jury's verdict as to her cannot stand (*see, Scheer v Koubek*, 70 NY2d 678; *Crandall v Sledziewski*, 260 AD2d 754, 757, *lv denied* 93 NY2d 811; *cf., Quinn v Licausi*, 263 AD2d 820, 821).

Defendants next contend that Supreme Court erred in refusing to set aside that portion of the verdict awarding damages for Mark Skellham's lost wages. Both the orthopedic surgeon and the vocational rehabilitation specialist testified that as a result of his physical disability, Mark Skellham does not have the capacity to return to his former occupation as a postmaster. Further, the vocational rehabilitation expert indicated that Mark Skellham could not continue to work as a postal clerk or letter carrier and that based upon his education and skills, his earning capacity has been reduced by approximately $22,150 per year over the next 24 years. Under these circumstances, the jury's award of $20,000 for past lost earnings and $200,000 for future lost earning capacity was reasonable and supported by the record (*see, Severino v Schuyler Meadows Club*, 225 AD2d 954, 958; *Reed v Harter Chair Corp.*, 185 AD2d 547, 549; *Balmaceda v Perez*, 182 AD2d 983, 984, *lv denied* 80 NY2d 755). Finally, we are of the view that the jury's award of damages to Mark Skellham in the amount of $250,000 for past pain and suffering and $130,000 for future pain and suffering did not deviate materially from what would be reasonable compensation (*see, CPLR 5501 [c]; Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785, 786; *Van Deusen v Norton Co.*, 204 AD2d 867, 870-871; *Campell v City of Elmira*, 198 AD2d 736, 738, *affd* 84 NY2d 505).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order entered December 4, 1998 is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to set aside the verdict as to plaintiff Belinda Skellham; motion granted to said extent; and, as so modified, affirmed. Ordered that the order entered December 11, 1998 is affirmed, without costs. Ordered that the judgment

is modified, on the law, without costs, by reversing so much thereof as awarded Belinda Skellham $20,000 for past pain and suffering, and, as so modified, affirmed.