■ ELIZABETH ANDERSON et al., Respondents, v DAVID PERSELL, Appellant. [708 NYS2d 499] —Rose, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 19, 1999 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Elizabeth Anderson (hereinafter plaintiff) allegedly sustained injuries to her neck, left shoulder and left elbow when the vehicle she was driving was rear-ended by a vehicle driven by defendant. Although plaintiff became aware of pain in her left shoulder shortly after the accident, approximately one month passed before she consulted her personal physician. Subsequently, a neurologist concluded that plaintiff had sustained a cervical disc herniation with cervical muscle spasm and epicondylitis involving the medial left epicondyle. Plaintiff and her husband, derivatively, commenced this action alleging negligent operation of a vehicle by defendant and serious injury pursuant to Insurance Law § 5102 (d). After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a serious injury. Supreme Court denied defendant's motion and defendant appeals. We affirm.

In seeking summary judgment on the issue of whether the serious injury threshold has been satisfied, the burden is initially on a defendant to establish as a matter of law that the plaintiff did not suffer a "serious injury" as that term is defined in Insurance Law § 5102 (d) (*see, Cody v Parker*, 263 AD2d 866, 867). Here, plaintiffs allege injuries qualifying within three of the serious injury threshold categories: "permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; [or] significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Lanuto v Constantine*, 192 AD2d 989, 990, *lv denied* 82 NY2d 654). To establish a permanent loss, it is not necessary to prove a total loss of the affected function or system, but some degree of permanency

and causation must be demonstrated (*see, Booker v Miller*, 258 AD2d 783, 784). To establish a consequential limitation, there must be a showing of more than "a mild, minor or slight limitation of use" (*King v Johnston*, 211 AD2d 907). Similarly, to establish a significant limitation, there must be proof of something more than a minor limitation of use (*see, Delaney v Lewis*, 256 AD2d 895, 897).

After a defendant has met the burden of proving that the plaintiff's injuries do not rise to the level of serious injury, it is incumbent upon the plaintiff to raise a triable issue of fact by submitting competent and admissible medical evidence based on objective medical findings and diagnostic tests which support a claim of serious injury (*see, Cody v Parker, supra*, at 867). The expert must provide a basis for his or her conclusion by quantifying the loss or limitation, or otherwise demonstrating that it is meaningful (*see, Fountain v Sullivan*, 261 AD2d 795, 797). In the absence of such proof, a plaintiff's subjective complaints of pain are insufficient to create an issue of fact (*see, Cody v Parker, supra*, at 867-868).

In support of his motion, defendant submitted the report of a board-certified radiologist who reviewed plaintiff's cervical spine MRI and concluded that it revealed a protrusion of her disc at C5/C6 which predated the accident. Defendant also submitted a report of an orthopedist concluding, based on a review of plaintiff's medical records, that she suffered a disc herniation at C5/C6 and a shoulder contusion, but that it was unlikely that such injuries were caused by the accident. Two additional reports prepared by defendant's biomechanical engineers concluded that the nature of the accident was not consistent with causing appreciable physical harm.[1] Although the orthopedist's report must be disregarded because it is an unsworn statement[2] (*see, Faraone v DiCocco*, 259 AD2d 854, 855, n 2; *Tankersley v Szesnat*, 235 AD2d 1010, 1012, n 3), the certified report of the radiologist is admissible and competent evidence that the disc protrusion was not a result of the accident. Specifically, the radiologist noted this objective finding: "The age of this disc protrusion is difficult to ascertain. However, the appearance of the C5 posterior end plate as seen

---

1. Although the initial biomechanical engineering report was unsworn, a properly sworn and signed reply affidavit of one of defendant's engineers, affirming the statements of the earlier report, apparently was received without objection and considered by Supreme Court.

2. The record also contains a later report by defendant's orthopedist affirming the conclusions of the earlier unsworn report and bearing a certification pursuant to CPLR 2106. However, this later report cannot be considered because it is not subscribed (*see*, CPLR 2106).

on Image #7 of the T1 weighted sagittal study may be a key to the age of this process since the end plate conforms to the configuration of the protruding disc. Such a finding would take years to evolve and might indicate chronicity. * * * Since this MRI was taken slightly more than two months after this patient's loss, the above noted abnormalities long preceded the motor vehicle accident of 1/9/98 for the reasons stated above." Taken in conjunction with the assertions that plaintiff's own medical records reflect only mild, minor or slight limitations of use, defendant's moving papers are sufficient to meet his initial burden of proof.

In response to the motion, plaintiffs submitted an affidavit from plaintiff's neurologist stating the conclusion that as a result of the accident plaintiff suffered a cervical disc herniation at C5/C6 and an inability to hyper extend her cervical spine with a restriction to the left of over 55%. The neurologist also stated that plaintiff suffers from permanent pain and tenderness in the left trapezii muscles and the left paraspinal muscles, and that as to her left arm she sustained a left medial epicondylitis that is a consequence of the accident. Plaintiff also submitted an affidavit of a biomechanical engineer stating the conclusion that her injuries were consistent with the type of accident that occurred.

A disc herniation may constitute a serious injury (see, Boehm v Estate of Mack, 255 AD2d 749, 750). Here, there is objective evidence of such a condition; plaintiff's treating neurologist connects it to the accident and describes it as the source of plaintiff's pain and limited range of motion, and the medical experts' disagreement as to whether it predated or was caused by the accident confirms the existence of a triable issue of fact as to whether it constitutes a serious injury. Similarly, the report of plaintiffs' biomechanical expert succeeds in raising an issue of fact as to whether the accident was of a nature capable of producing the disc herniation.

For these reasons we find that plaintiffs have met their burden of raising an issue of fact as to the causal relationship between the accident and plaintiff's cervical disc herniation, and as to the allegedly resulting permanent pain and limitations of use of her cervical spine. These factual issues, if resolved in plaintiff's favor, would establish a qualifying permanent consequential limitation of use of a body organ or member.

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.