WILLIE LUMPKINS, JR., Appellant, v ANTWAN KENDRICK et al., Respondents. [716 NYS2d 191] —Judgment and order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for judgment at the close of plaintiff's proof on the ground that plaintiff failed to establish a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d). With respect to his allegation that he sustained a significant limitation of use of a body function or system, plaintiff failed to support his subjective claims of pain and limitation of motion with the requisite objective medical findings (*see, Taber v Skulicz,* 265 AD2d 902; *Stowell v Safee,* 251 AD2d 1026).

Plaintiff also failed to prove that he sustained a medically determined injury or impairment that prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for not less than 90 days during the 180 days following the accident (*see,* Insurance Law § 5102 [d]). Although plaintiff's treating physician testi-

fied that plaintiff was "totally disabled" with respect to his employability, plaintiff testified that he had not been employed at the time of the accident. Furthermore, the testimony of plaintiff established that the activities that he was prevented from performing were not "daily activities" within the meaning of the statute. (Appeal from Judgment and Order of Supreme Court, Erie County, Burns, J.—Negligence.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.