■ MARY A. HINES, Respondent, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Appellant. [719 NYS2d 777] —Rose, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered February 14, 2000 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover money damages for injuries she allegedly sustained on February 10, 1994 when she slipped and fell on the steps of a bus owned and operated by defendant in the City of Albany.* In her bill of particulars, plaintiff alleged that she sustained a qualifying injury under four of the categories of serious injury set forth in Insurance Law § 5102 (d): permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and a medically determined injury or impairment that prevented her from performing substantially all of her usual and customary daily activities for not less than

---

* Plaintiff was also involved in two subsequent accidents in August 1994 and July 1995.

90 days during the 180 days immediately following the injury. After depositions and an independent medical examination (hereinafter IME), defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under any of the alleged categories. Supreme Court denied the motion, finding that triable issues of fact precluding summary judgment arose from the conflicting opinions of the parties' medical experts regarding the extent of plaintiff's injuries and her allegedly causally related inability to work for at least 90 of the 180 days following her fall. Defendant appeals.

Defendant contends that Supreme Court erred in denying its motion for summary judgment because plaintiff failed to present adequate proof of a qualifying serious injury. "In seeking summary judgment on the issue of whether the serious injury threshold has been satisfied, the burden is initially on a defendant to establish as a matter of law that the plaintiff did not suffer a 'serious injury' as that term is defined in Insurance Law § 5102 (d) [citation omitted]" (*Anderson v Persell*, 272 AD2d 733).

In support of its motion, defendant submitted the affidavit and report of Richard Brooks, the board-certified neurologist who conducted an IME of plaintiff on February 12, 1999, together with some of plaintiff's medical records. Brooks concluded that there was no objective evidence of neurologic dysfunction and that plaintiff's subjective complaints of pain did not arise from any significant disease or dysfunction of the nervous system. Although Brooks offered no opinion as to whether plaintiff suffered from any orthopedic injury or limitation, the medical records of six different physicians who treated or examined her in 1994 and 1995, including two orthopedic surgeons, report back and neck pain in an overly histrionic patient, and diagnose chronic cervical strain, without relating any objective evidence of a permanent or consequential impairment causally connected to the accident in 1994. Thus, we find that defendant's moving papers were sufficient to meet its initial burden of proof (*see, id.*, at 734) and shifted to plaintiff the burden of raising a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests (*see, Barbagallo v Quackenbush*, 271 AD2d 724).

To meet this burden, plaintiff submitted a terse affidavit and the office notes of George Forrest, a physician who is board certified in physical rehabilitation medicine and had regularly treated plaintiff since May 11, 1994. Forrest averred that "a

CT scan of [plaintiff's] cervical spine showed borderline stenosis at C3-4 and degenerative disc disease of L5-S1, which I am of the opinion were aggravated by this accident." Forrest also reported observing marked muscle spasms and very limited motion of plaintiff's cervical and lumbosacral spine approximately three months after the accident. However, at no time did Forrest quantify her limited range of motion. Forrest further opined that plaintiff sustained a chronic sprain of the cervical and lumbosacral spine, myofibrisitis and myofacial pain syndrome which totally disabled her from her employment and other usual daily activities from May 11, 1994 to the present. In addition, plaintiff submitted her own affidavit stating that she had been unable to work since the accident, except for three days when she attempted to return to work, and was unable to perform her household duties and other activities for at least six months following the accident.

In our view, plaintiff's submissions are insufficient to establish that she suffered permanent loss or consequential limitation of use of a body organ, member, function or system, or a significant limitation of use of a body function or system. Although degenerative changes in a patient's cervical spine confirmed by X ray or CT scan can afford objective evidence of a qualifying loss or limitation of use of a body function or system, this is only true where a medical expert opines that the observed condition is causally connected to the patient's accident (*see, Sellitto v Casey*, 268 AD2d 753; *Hawkey v Jefferson Motors*, 245 AD2d 785). Here, Forrest reports that a CT scan showed borderline stenosis and degenerative disc disease. However, he opines only that the observed conditions were aggravated by plaintiff's accident, not that the observed conditions were caused by the accident. Nor does Forrest assert that the aggravation, rather than the underlying observed condition, was depicted in the CT scan. Thus, the scan fails to constitute objective evidence of the aggravation. We also discount the limited motion and muscle spasms observed by Forrest soon after the accident because the first was never quantified (*see, Anderson v Persell, supra*, at 734) and the second was neither confirmed in later examinations nor formed the basis for Forrest's diagnosis (*see, Fountain v Sullivan*, 261 AD2d 795, 796). As a result, Supreme Court erred in not granting defendant's motion and dismissing plaintiff's claims to the extent that they alleged a condition qualifying under the first three cited categories of serious injury.

However, we reach a different conclusion as to plaintiff's claim of an injury in the 90/180-day category because her treat-

ing physician identified a medical condition that was the cause of her alleged disability within the pertinent time period. Specifically, in this regard, Forrest opined that by reason of a chronic sprain and other conditions resulting from her fall, plaintiff was totally disabled from her work and other daily activities at least from May 11, 1994, which was 90 days after her fall, through the remaining 90 days of the first 180 days following the accident (*see, Sellitto v Casey, supra,* at 755-756). Although defendant points out that plaintiff returned to work 30 days after the accident and then left work "on her own accord" after only three days, nothing in its submissions suggests that her subsequent absence from work was the result of anything other than the symptoms of injuries sustained in the subject accident. Also, during this initial period, the spasms observed by Forrest are relevant objective evidence of the injury causing the disability (*cf., Bennett v Reed,* 263 AD2d 800). If credited at trial, the evidence offered by plaintiff would establish a medically determined condition and its significant impairment of her activities for the requisite period of time. Therefore, Supreme Court properly declined to grant defendant summary judgment dismissing plaintiff's claims to the extent that they allege serious injury under the 90/180-day category.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff sustained a serious injury in all but the 90/180 categories; motion granted to that extent, partial summary judgment awarded to defendant and said claims dismissed; and, as so modified, affirmed.

