■ ROBERT C. CONAHAN et al., Appellants, v RAYMOND G. SANFORD, et al., Respondents. (And a Third-Party Action.) [727 NYS2d 710] —Mugglin, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered March 30, 2000 in Schenectady County, upon a dismissal of the complaint at the close of evidence.

In October 1993, plaintiff Robert C. Conahan (hereinafter plaintiff) was walking in the east lane of the driveway leading to Margaretville Memorial Hospital while giving directions to a tractor trailer driver who was driving his vehicle in the west lane. He was struck by a vehicle operated by defendant Raymond G. Sanford, who was backing up the east lane and failed to observe plaintiff. X rays taken immediately thereafter at the hospital revealed no fractures. Approximately five weeks later, on November 12, 1993, plaintiff consulted an orthopedist concerning persistent pain in his right foot. He was diagnosed as suffering from plantar fasciitis, an irritation of the ligaments in the arch of the foot. His orthopedist treated him for the next six years by prescribing the periodic use of orthotics, physical therapy, stretching exercises, a nighttime splint and, on one occasion, by the injection of a painkiller and cortisone. Plaintiffs commenced this action asserting that plaintiff sustained a serious physical injury in either or both of two

threshold categories, namely, permanent loss of use of a body member and/or permanent consequential limitation of use of a body member (Insurance Law § 5102 [d]). Finding that plaintiffs had failed to establish a serious injury in either category, Supreme Court, at the close of plaintiffs' proof, granted defendants' motion for a directed verdict. Plaintiffs appeal and we affirm.

If, as a matter of law, it can be said that a plaintiff has suffered no serious injury within the meaning of Insurance Law § 5102 (d), the plaintiff has no claim that should be submitted to a jury and, therefore, the issue is for the court, in the first instance, to decide (*see, Licari v Elliott*, 57 NY2d 230). When this issue is raised on a motion for a directed verdict, "the court must not weigh the evidence but must determine that there is no rational process by which the jury could find for the nonmoving party upon the evidence presented" (*Davies v Contel of N. Y.*, 187 AD2d 898, 899-900; *see, Fenton v Ives*, 229 AD2d 704, 705). "In considering [a] motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant [citation omitted]" (*Szczerbiak v Pilat*, 90 NY2d 553, 556). Plaintiffs' medical evidence and relevant precedent must be examined using these standards.

To establish the existence of a serious injury under Insurance Law § 5102 (d), "it is incumbent upon the plaintiff to * * * [adduce] competent and admissible medical evidence based on objective medical findings and diagnostic tests which support a claim of serious injury" (*Anderson v Persell*, 272 AD2d 733, 734; *see, Skellham v Hendricks*, 270 AD2d 619, 620). "The expert must provide a basis for his or her conclusion by quantifying the loss or limitation, or otherwise demonstrating that it is meaningful [citation omitted]" (*Anderson v Persell, supra,* at 734; *see, Skellham v Hendricks, supra*). "In the absence of such proof, a plaintiff's subjective complaints of pain are insufficient [citation omitted]" (*Anderson v Persell, supra,* at 734).

Here, there is a complete absence of any objective medical findings based upon diagnostic tests performed on plaintiff's right foot. The X rays taken reveal no fractures or abnormalities and a neurological examination revealed that plaintiff's neurocirculatory status was intact. Moreover, on examination, the orthopedist found no bruising, swelling, deformity or limitation of either flexion or range of motion. The diagnosis of

plantar fasciitis was made simply by the application of localized pressure from the doctor's thumb, applied to the base of plaintiff's right foot, which elicited expressions of discomfort from plaintiff. "Fundamentally, such subjective expressions of pain do not of themselves provide a legally competent basis for a diagnosis of injury [citations omitted]" (*Broderick v Spaeth*, 241 AD2d 898, 900, *lv denied* 91 NY2d 805). Moreover, the notes and testimony of plaintiff's doctor reveal that on all occasions he, at most, found either tenderness or slight tenderness upon application of pressure. Fully crediting the uncontroverted testimony and medical records of plaintiff's treating physician, we conclude that plaintiffs failed to demonstrate the existence of a serious injury in either category. At best, on this record, plaintiffs have established only an intermittent minor limitation of use of plaintiff's right foot as a result of the plantar fasciitis. A "minor, mild or slight limitation of use [is] classified as insignificant within the meaning of the [no-fault] statute" (*Licari v Elliott*, 57 NY2d 230, 236, *supra*). Merely characterizing such an injury as permanent does not satisfy the requirements of the statute (*see*, *Gaddy v Eyler*, 79 NY2d 955, 957).

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.