■ ROBERT H. MARKEL et al., Respondents, v VINCENT F. SCAVO et al., Appellants. [734 NYS2d 702] —Mugglin, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 2, 2000 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

As a result of a motor vehicle accident, plaintiff Robert H. Markel (hereinafter plaintiff) and his wife, derivatively, com-

menced this action alleging that plaintiff sustained a serious injury as defined in two categories of Insurance Law § 5102 (d), namely, permanent loss of a use of a body organ, member, function or system and a medically determined injury or impairment that prevented him from performing substantially all of his usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury. Upon defendants' motion for summary judgment, Supreme Court found insufficient evidence of permanency and, therefore, dismissed that claim. Supreme Court found, however, that issues of fact existed concerning the 90/180-day category and, therefore, denied that part of defendants' motion. Defendants have appealed and, therefore, we need only consider the propriety of Supreme Court's refusal to grant their motion in its entirety.

It is well settled that " '[i]n seeking summary judgment on the issue of whether the serious injury threshold has been satisfied, the burden is initially on a defendant to establish as a matter of law that the plaintiff did not suffer a "serious injury" as that term is defined in Insurance Law § 5102 (d)' " (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769, quoting *Anderson v Persell*, 272 AD2d 733; *see, Bushman v Di Carlo*, 268 AD2d 920, *lv denied* 94 NY2d 764; *Tankersley v Szesnat*, 235 AD2d 1010). If the defendant satisfies this obligation, the burden shifts to the plaintiff to come forward with competent medical evidence based upon objective medical findings and diagnostic tests to establish the existence of a serious injury (*see, Kristel v Mitchell*, 270 AD2d 598). Here, then, defendants had the burden of submitting evidence that plaintiff did not sustain a medically determined injury which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities during the required time period. Defendants failed to meet this burden.

In support of their motion, defendants submitted the report of Edwin Mohler, an orthopedic surgeon. Mohler stated therein that the injuries he found to be causally related to plaintiff's automobile accident included plaintiff's left cervical scapular thoracic strain with intermittent paresthesias, together with left upper extremity and rib and hip contusions. This diagnosis is consistent with the diagnosis of each doctor who examined and treated plaintiff following the accident and whose records were submitted by defendants. Consequently, there has been no showing that plaintiff did not sustain a medically determined injury and the issue distills to whether this injury prevented him from performing substantially all of the mate-

rial acts constituting his usual and customary daily activities. On this issue, defendants have submitted no evidence except for the records of three physicians who treated plaintiff and who each released him to return to work. The last such report, however, does not release him until July 28, 1997, the 90th day postaccident. Therefore, plaintiff's affidavit concerning his inability to perform at all, or only in some limited way, his usual and customary activities during this period of time was sufficient to raise an issue of fact.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs. [*See*, 292 AD2d —, Mar. 27, 2002.]