■ BRENDA M. NITTI, Respondent, v JOSEPHINE CLERRICO et al., Appellants, et al., Defendants. [737 NYS2d 210] —Appeal from a judgment of Supreme Court, Oneida County (Shaheen, J.), entered January 18, 2001, which upon a jury verdict awarded plaintiff $45,000, plus costs and disbursements. .

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly denied defendants' motion seeking to set aside the jury verdict on the ground that plaintiff did not prove that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). The jury found that plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d).

At trial, plaintiff presented the testimony of a chiropractor who examined her on two occasions on behalf of her no-fault carrier. During the first examination, conducted five months after the accident, the chiropractor conducted neurological and orthopedic screening tests. He detected, by sight and by touch, spasm in the right cervical spine that radiated into the shoulders. In addition, he performed the Soto-Hall's test, which produced pain; the foramina-compression test, which produced localized pain in the cervical spine; the Valsalva test, which produced pain in the lumbar spine region; the Adams test, which produced pain at 80 degrees of flexion; the Yeoman's test, from which he determined a restriction of movement; and the straight-leg raising test, which produced pain at 70 degrees of hip flexion. Based on those standard medical tests, of which there are both objective and subjective components, the chiropractor determined that plaintiff sustained a lumbosacral,

sacroiliac, and cervical sprain/strain, indicating tissue damage to both muscle and ligament in the cervical and lumbar spine and resulting in a mild, partial disability. The chiropractor conducted a second examination 10 months after the accident and repeated the above tests. In addition, he reviewed the results of an MRI performed at the request of plaintiff's treating chiropractor. Following the second examination, the chiropractor diagnosed an L4-5 intervertebral disk disorder with associated neuritis. He determined that plaintiff was moderately, partially disabled, was unable to perform her normal daily functions, and was restricted in lifting.

Spasms are "objective evidence of the injury causing the disability" (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 771). Furthermore, the chiropractor's observations of actual, quantified limitations are "more than [a] mere reiteration of plaintiff's subjective complaints of pain" and thus constitute objective evidence of a medically determined injury or impairment within the meaning of Insurance Law § 5102 (d) (*O'Sullivan v Atrium Bus Co.*, 246 AD2d 418, 420; *see, Parker v Defontaine-Stratton*, 231 AD2d 412, 413). Thus, if credited by the jury, the objective evidence of spasm, seen and felt by the chiropractor on examination, as well as the results of medically recognized tests that require the patient to participate in the diagnosis by telling the chiropractor when pain is experienced, establish that plaintiff sustained a medically determined injury that impaired her activities for the requisite period of time within the meaning of the 90/180-day category of serious injury.

All concur except Scudder and Lawton, JJ., who dissent and vote to reverse in the following memorandum.

Scudder and Lawton, JJ. (dissenting). We respectfully dissent. The issue raised on this appeal by Josephine Clerrico and Joseph C. Clerrico (defendants) from a judgment entered upon a jury verdict for plaintiff is whether plaintiff established a prima facie case that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). We conclude that she did not, because she failed to establish by objective medical evidence that she sustained a serious injury within the meaning of the statute (*see, Brown v Wagg*, 280 AD2d 891, 891-892, *lv denied* 96 NY2d 711). "To establish the existence of a serious injury under Insurance Law § 5102 (d), 'it is incumbent upon the plaintiff to * * * [adduce] competent and admissible medical evidence based on objective medical findings and diagnostic tests which support a claim of serious injury' " (*Conahan v Sanford*, 284 AD2d 749, 750, quoting *Anderson v Persell*, 272

AD2d 733, 734). "The expert must provide a basis for his or her conclusion by quantifying the loss or limitation, or otherwise demonstrating that it is meaningful" (*Anderson v Persell, supra* at 734; *see, Skellham v Hendricks*, 270 AD2d 619, 620). "In the absence of such proof, a plaintiff's subjective complaints of pain are insufficient" (*Anderson v Persell, supra* at 734; *see also, Gaddy v Eyler*, 167 AD2d 67, 71, *affd* 79 NY2d 955; *Crandall v Sledziewski*, 260 AD2d 754, 757, *lv denied* 93 NY2d 811). Testimony of a medical expert that "fails to explain the objective tests that were performed, or to offer objective medical proof of injury, will not suffice" in establishing that plaintiff sustained a serious injury (*Watt v Eastern Investigative Bur.*, 273 AD2d 226, 227). An expert's observations must be "supported by objective proof such as X-rays, MRIs, straight-leg or Laseque tests, and any other similarly-recognized tests or quantitative results based on a neurological examination" (*Grossman v Wright*, 268 AD2d 79, 84).

The only expert medical testimony presented at trial by plaintiff was that of the IME chiropractor who conducted two independent medical examinations. The chiropractor testified that every test that he conducted on plaintiff's lumbar spine was subjective in nature. His opinion that plaintiff had limited ranges of motion in her lumbar spine was based solely upon plaintiff's subjective complaints of pain. The "limitations" were not objectively quantified and are therefore insufficient to establish that plaintiff sustained a serious injury (*see, Scheer v Koubek*, 70 NY2d 678, 679; *see also, Lumpkins v Kendrick*, 277 AD2d 1046). Moreover, the only objective test, the muscle strength test, revealed that the muscle strength in plaintiff's upper extremities was normal and that plaintiff had no muscle atrophy.

The chiropractor did note muscle spasming in plaintiff's back. A spasm may constitute objective evidence of a serious injury (*see, Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 771; *Denner v Mizgala*, 245 AD2d 1069, 1070). However, the evidence of spasms must be objectively established and quantified (*see, Carota v Wu*, 284 AD2d 614, 616), and such proof was absent here. The chiropractor failed to testify what test he performed to detect the spasm or the precise location of the spasm. He merely testified that he touched plaintiff and felt a spasm.

Notwithstanding our previous decisions to the contrary (*see, e.g., Spina v Melvin*, 289 AD2d 956; *Testa v Allen*, 289 AD2d 958), we nevertheless believe that, in keeping with the intent of the no-fault legislation to limit actions to recover for such

minor injuries as presented on this record, we should join the Second and Third Departments in holding that proof of a spasm or limited range of motion that is not objectively established and quantified does not constitute the requisite objective evidence to support a finding of serious injury (*see, Blanchard v Wilcox,* 283 AD2d 821, 823 [3d Dept]; *Gillick v Knightes,* 279 AD2d 752 [3d Dept]; *Herman v Church,* 276 AD2d 471 [2d Dept]; *Watt v Eastern Investigative Bur., supra* at 227 [2d Dept]; *Fountain v Sullivan,* 261 AD2d 795, 796 [3d Dept]; *Kauderer v Penta,* 261 AD2d 365 [2d Dept]). To establish a prima facie case, plaintiff had to establish by expert proof the objective test used to make the finding and the exact location of the spasm. Plaintiff failed to do so.

Based on the evidence presented by plaintiff at trial, "there was no rational process by which the trier of fact could have found that the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d)" (*Bidetto v Williams,* 276 AD2d 516, 516; *see also, Conahan v Sanford, supra*). Because plaintiff's evidence is insufficient as a matter of law, we would reverse the judgment and dismiss the complaint (*see, Licari v Elliott,* 57 NY2d 230, 239-240; *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Ekundayo v GHI Auto Leasing Corp.,* 273 AD2d 346, 347, *lv denied* 95 NY2d 765). Present—Hayes, J.P., Scudder, Burns, Gorski and Lawton, JJ.