■ CLEMENT DABIERE et al., Appellants, v MARK YAGER et al., Respondents. [748 NYS2d 38] —Carpinello, J.

Plaintiffs commenced this action to recover for personal injuries sustained in an August 1999 automobile accident. After joinder of issue and discovery, defendants moved for partial summary judgment dismissing the complaint insofar as it asserted claims based upon personal injuries allegedly sustained by plaintiff Clement Dabiere (hereinafter plaintiff). Concluding that the evidence regarding the cervical injuries claimed by plaintiff established that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), Supreme Court granted the motion. Plaintiffs appeal.

In support of their motion, defendants submitted the affidavit and report of an orthopedic surgeon who conducted an independent medical examination of plaintiff. The examination re-

vealed the existence of extensive degenerative arthritic changes in plaintiff's neck and back and that plaintiff had sustained several neck or back injuries prior to the accident, including a broken neck in 1995. Defendants' expert opined that although plaintiff may have suffered minimal soft tissue injury in the accident, the injury had healed and had no lasting effect on the underlying degenerative arthritic process. We agree with Supreme Court that the evidence is sufficient to meet defendants' burden as the proponent of the motion and, therefore, plaintiff was required to support his claim of serious injury by competent medical evidence based on objective medical findings and diagnostic tests (*see Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768; *Tankersley v Szesnat*, 235 AD2d 1010).

Plaintiff's treating physician opined that the accident exacerbated plaintiff's preexisting degenerative condition, resulting in permanent pain which was unlikely to improve. However, the opinion is not based on an observed condition which the expert causally related to the accident. Instead, the expert based his opinion on the conclusion that, despite plaintiff's preexisting cervical and lumbar condition, "he was actually doing reasonably well" prior to the accident. Although an expert's qualitative assessment of a plaintiff's condition may suffice to demonstrate the extent or degree of physical limitation, that assessment must be supported by objective proof of the injury in order to satisfy the statutory threshold (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345). Without such proof, the opinion "may be wholly speculative" (*id.* at 351). Thus, in the absence of objective evidence establishing the aggravation as opposed to the underlying condition, plaintiffs' submission is insufficient to demonstrate serious injury under the permanent loss of use, consequential limitation of use or significant limitation of use categories (*see Hines v Capital Dist. Transp. Auth.*, *supra* at 770).

We reach the same conclusion with regard to the 90/180 category of serious injury. To prevail on this category, plaintiff was required not only to show that his usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236), but also to submit medical evidence based on objective medical findings of a medically determined injury or impairment of a nonpermanent nature which caused the alleged limitations on his daily activities (*see Monk v Dupuis*, 287 AD2d 187, 191). Plaintiffs' medical evidence does not satisfy the latter requirement, particularly in the absence of evidence that the restrictions on plaintiff's activities were medically indicated and causally re-

lated to the accident (*see Blanchard v Wilcox*, 283 AD2d 821, 824). Instead of correlating the curtailment in plaintiff's activities to an injury sustained in the accident, plaintiffs' expert relied on that curtailment to conclude that the accident must have exacerbated the preexisting degenerative condition. Accordingly, we agree with Supreme Court that the expert's conclusory opinion is insufficient to defeat defendants' motion.

Crew III, J.P., Mugglin and Rose, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. Viewing the evidence in the light most favorable to plaintiffs, I believe that sufficient factual issues exist to avoid summary judgment. Plaintiff Clement Dabiere (hereinafter plaintiff) was examined in the emergency room on the date of the accident and, thereafter, made numerous visits to the office of his personal physician regarding physical complaints arising from the accident. A detailed affirmation was submitted from plaintiff's physician, Peter Diamond, who related that plaintiff visited one of his partners on August 12, 1999 and plaintiff's maladies included neck pain, marked limitation of range of motion and "a lot of muscle spasm in his neck." The doctor authorized a home health aide for plaintiff "because of the disability incurred as a result of the accident." At a September 1999 visit, Diamond found that plaintiff's reflexes were "absent in the upper extremities and dull and symmetrical in the lower extremities." Plaintiff was noted as having paraspinal muscle spasms during visits in September 1999, October 1999, June 2000 and August 2000. Diamond diagnosed plaintiff as suffering from "acute exacerbation of chronic degenerative joint disease" and opined that "the whiplash injury on top of prior history of cervical vertebral fracture and underlying [degenerative joint disease] * * * left his neck in a very terrible, probably permanent state." Diamond noted in October 1999 that plaintiff was unable to do household chores and concluded after a July 2001 examination as follows: "He remains unable to do most things that prior to the accident on August 7, 1999 he enjoyed doing. An example of these are ability to work around his lawn or garden or to do simple tasks in his house. Having cared for [plaintiff] before the accident of August 7, 1999 and certainly after the accident of August 7, 1999 I can say without question that this accident exacerbated and worsened [his] prior existent degenerative joint disease of the cervical and lumbar spine and has therefore caused him to have permanent pain which is very unlikely to improve."

Such evidentiary proof reflects a significant aggravation of plaintiff's preexisting neck problems and that the aggravation

of his preexisting injuries prevented him from engaging in his normal preaccident activities for more than 90 of the first 180 days following the accident. Objective evidence of the aggravation of plaintiff's injuries suffered in the August 1999 motor vehicle accident was supplied by both the noted decrease of his reflexes (*see Kawasaki v Hertz Corp.*, 199 AD2d 46, 47; *cf. Morgan v Beh*, 256 AD2d 752, 752-753 [summary dismissal granted where examination of the plaintiff revealed "no spasm * * * reflex dissymmetry * * * or other objective evidence of continuing injury"]) and his doctor's observations on numerous occasions during physical examinations of plaintiff, after the August 1999 motor vehicle accident, of "marked" and "palpable" paraspinal spasms (*see Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 771; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357-358). There is no indication that either the reflex test or the observation of spasms were fatally infected by being premised solely upon subjective proof (*see Toure v Avis Rent A Car Sys., supra* at 356) and the spasms were causally related to the accident by Diamond's opinion that plaintiff "suffered a serious injury which has resulted in chronic pain and spasm in his neck." As such, I would reverse the order granting defendants' motion for summary judgment. Ordered that the order is affirmed, with costs.