| Jasmin v Brody |
|:---:|
| 2025 NY Slip Op 30153(U) |
| January 10, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 501910/2023 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At IAS Part 99 of the Supreme Court of
the State of New York, Kings County, on
the __10__ day of January 2025

PRESENT: HON. RICHARD J. MONTELIONE, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

DECISION AND ORDER

-------------------------------------------------------------------X

DAPHNE JASMIN,

                    Plaintiff,

      -against-

MARTIN BRODY and YITZCHOK D. BRODY,

             Defendants.

-------------------------------------------------------------------X

Index No.: 501910/2023

Mot. Seq. Nos. 1 & 2

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits………………. | 18-24 |
| Answering Affirmations/Affidavits/Exhibits…………………………………………… | 27-33 |
| Reply Affirmations/Affidavits/Exhibits………………………………...………………… | 47 |
| Cross-Motion | |
| Affirmation in Opposition to Cross-Motion, and | 48-49 |
| | |

MONTELIONE, RICHARD J., J.S.C.

      Plaintiff, Daphne Jasmin (hereinafter plaintiff Jasmin), commenced the instant action to recover damages for injuries to her cervical spine, lumbar spine, left wrist, right knee, and left ankle, allegedly suffered when, on March 21, 2022, the vehicle operated by plaintiff was in contact with a vehicle owned by defendant Martin Brody (defendant M. Brody) and operated by defendant Yitzchok D. Brody (defendant Y. Brody). The complaint was filed on January 19, 2023. Issue was joined as to defendants M. Brody and Y. Brody, upon their interposing an answer on February 24, 2023. Defendants M. Brody and Y. Brody now move this court for an order granting summary judgment in their favor as against plaintiff Jasmin, arguing that plaintiff did not sustain a "serious injury" under NY Insurance Law §§ 5102(d) and 5104(a). Plaintiff Jasmin cross-moves for an Order pursuant to CPLR § 3042 to serve an amended verified bill of particulars to reflect additional injuries of plaintiff.

      The Court of Appeals explained the basis of a serious injury finding in the seminal case of *Pommells v. Perez*, 4 N.Y.3d 566 [2005]. Writing for the Court, Chief Judge Judith Kaye begun the opinion in *Pommells* as follows:

> In 1973 the Legislature enacted the "Comprehensive Automobile Insurance Reparations Act" – commonly know as No-Fault Law – with the objective of promoting prompt resolution of injury claims, limiting cost to consumers and alleviating unnecessary burdens on the courts. Every car owner must carry automobile insurance, which will compensate injured parties for "basic economic

[* 1]

*Jasmin, D. v. Brody, M. & Brody, Y.D.*, Index No. 501910/2022

loss" occasioned by the use or operation of that vehicle in New York State, irrespective of fault. Only in the event of "serious injury" as defined in the statute, can a person initiate suit against the car owner or driver for damages caused by the accident."

*Id.* at 566-567. (citations omitted)

Insurance Law § 5104(a) states that "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury."

Further, Insurance Law § 5102(d) defines a serious injury as:

'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

The defendant has the initial burden of establishing that plaintiff did not suffer a serious injury. *Hines v. Capital Dist. Transp. Authority*, 280 A.D.2d 768, 769 [3d Dept 2001]. "Once the defendants submitted evidence establishing the plaintiff did not suffer a serious injury within the meaning of Insurance Law 5102(d), the burden shift[s] to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact." *Almonacid v. Meltzer*, 222 A.D.2d 631 [2d Dept 1995]. (citations omitted)

In the instant motion, defendants argue that plaintiff Jasmin did not sustain a serious injury as a result of the March 21, 2022 accident. "[A] defendant can establish that a plaintiff's injuries are not serious within the meaning of Insurance Law § 5102(d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim." *Grossman v. Wright*, 268 A.D.2d 79, 83-84 [2d Dept 2000]. The Court of Appeals has stated that it "has long recognized that the 'legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries.' As such, we have required objective proof of a plaintiff's injury in order to satisfy the statutory serious injury threshold; subjective complaints alone are not sufficient." *Toure v. Avis Rent A Car Sys.*, 98 N.Y.2d 345 (2002) (internal citations omitted)

Defendants attach a copy of plaintiff's Verified Bill of Particulars, dated February 27, 2023, as Exhibit B (NYSCEF # 22), which alleges that plaintiff suffered "permanent loss of use of a body organ, member, function or system; permanent consequential limitation or use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a nonpermanent nature which prevents the plaintiff from performing substantially all of the material acts which constitute the plaintiff's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." *Id.* at ¶ 6, Plaintiff's February 27, 2023, Verified Bill of Particulars alleges that she suffered injuries to her cervical spine, lumbar spine, left wrist, right knee, and left ankle. *Id.* at ¶ 4

[* 2]

*Jasmin, D. v. Brody, M. & Brody, Y.D.,* Index No. 501910/2022

An independent medical exam (IME) was conducted at the request of the defendants by Gregory Galano, M.D., an orthopedic surgeon, on August 28, 2023, wherein her range of motion was assessed using a goniometer, and found a normal range of motion for plaintiff's cervical spine, thoracic spine, lumbar spine, right and left wrists, right and left knees, and right and left ankles/feet. *See* Exhibit D, Dr. Galano IME, dated 9/3/2023, pp. 4-6. (NYSCEF # 24.)  The "normal range of motion values are based on both the New York State Workers' Compensation guidelines and the AMA guidelines, 5th edition." *Id.* at p. 4.

Dr. Galano's IME, affirmed under penalty of perjury, set out the "Normal" range of motion for each of the specific areas indicated *supra* and the plaintiff's ("Claimant") range of motion for those areas as taken with a "standard hand-held goniometer". *Id.* at pp. 3-6.  In each instance his examination revealed a normal range of motion as set out in the specified guidelines.  (*See id.*)

While the MRI report of the cervical spine that was taken on May 9, 2022, demonstrated specified disc bulge at C4-C5 level, and disc herniation at the C5-C6 level, and the MRI report of the cervical spine that was taken on May 16, 2022 demonstrated a central disc herniation at C5-C6 level  and disc herniation at the C6-C7 level that "correlate clinically for muscle spasm or muscle strain", Dr. Gallano found full range of motion in the cervical spine and found the original diagnosis of cervical spine strain to be "resolved". *Id.* at pp. 2-3 & 6.

While the MRI report of the lumbar spine that was taken on May 16, 2022, demonstrated disc herniation at L2-L3 level, and disc bulge and bilateral facet hypertrophy that "correlate clinically for muscle spasm or muscle strain", Dr. Gallano, however, found the "Lumbar spine strain, resolved." *Id.* at pp. 3 & 6. The MRI of the left wrist that was taken on May 9, 2022, demonstrated scapholunate ligament partial tear, Dr. Gallano found the "Left wrist sprain, resolved." *Id.* at pp. 2 & 6.  Dr. Gallano also found that the "Right knee sprain, resolved," and the "Left ankle sprain, resolved." *Id.* at p. 6.  Finally, Dr. Gallano notes that "[c]omplaints of cervical spine and lumbar spine tenderness are subjective." *Id.* at p. 7.

The court finds that the defendants have met their *prima facie* burden of proof by showing by objective proof that the plaintiff did not suffer a serious injury given that the numeric percentage of all range of motions, measured with a goniometer, are within normal limits, and the orthopedic issues are resolved. The burden now shifts to plaintiff "to present objective medical proof of a serious injury causally related to the accident in order to survive summary dismissal." *Pommells v. Perez,* 4 N.Y.3d at 574.

In opposition, plaintiff submits affirmations from Jordan Fersel, M.D., dated December 18, 2023 (Exhibit B, NYSCEF # 31), and Peter Tomasello, D.O., dated January 22, 2024 (Exhibit C, NYSCEF # 32). Dr. Fersel, in his affirmation, initially relayed his review of the records when plaintiff Jasmin presented to his office on March 22, 2022, the day after the accident occurring March 21, 2022, and the chiropractic care at his office from March 22, 2022, through September 20, 2022 when "she stopped treating due to her pregnancy." NYSCEF # 31, pp. 1-3.  She was last seen by his office "for an evaluation on November 22, 2023 with complaints of pain to her lumbar spine, left wrist, and knee." *Id.* at p. 4. However, no objective medical proof was offered in connection to his November 22, 2024 evaluation and plaintiff's subjective complaints of pain.  Dr. Tomasello, in his affirmation, also relayed his review of plaintiff's treatment within a short period of the March 21, 2022, accident, that is from "April 11, 2022 through May 24, 2022 "when she stopped treating as surgery was recommended for the left wrist however she elected to continue with her conservative treatment." NYSCEF # 32, pp. 1-2.  She was last seen by his office for an evaluation "of the left knee on November 7, 2023 and for the left wrist on November 20, 2023. *Id.* at p. 3. Again, no objective

[* 3]

*Jasmin, D. v. Brody, M. & Brody, Y.D.*, Index No. 501910/2022

medical proof was offered to demonstrate serious injury in connection with plaintiff's subjective complaints of pain on November 7 and November 20, 2023.

Finally, Plaintiff's sworn EBT testimony, (Defendants' Exhibit C, NYSCEF # 23) indicates that plaintiff was confined to a bed "[i]f I didn't have nothing to do, yes ... [for] a few weeks." NYSCEF # 23, p. 43.

Plaintiff underwent MRI examinations on May 9, 2022, May 16, 2022, some 50 and 57 days from the date of the accident. (*See*, NYSCEF # 31, at p. 3.) Her next and last MRI took place on November 24, 2023 one and a half years later. (*See*, NYSCEF # 32, at p. 4.) The November 24, 2023, MRI "revealed mild joint effusion, some edema of the suprapatellar fat pad, focal osteochondral lesion of the central trochlea." *Id.* at p. 4. This last MRI was discussed by Dr. Tomasello in his affirmation, however, there he conducted no simultaneous range of motion testing with the use of a goniometer that could provide the court with objective evidence that there was an injury or impairment which prevented plaintiff from "performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eight days immediately following the occurrence of the injury or impairment" as set forth in Insurance Law § 5102(d). Given that plaintiff testified that she was confined to a bed for only a few weeks, plaintiff has not raised an issued of fact regarding serious injury under 90/180.

In summary, plaintiff has failed to meet her burden and therefore not raised an issue of fact to rebut defendant's *prima facie* showing that no serious injury occurred.

Based upon the foregoing, it is

**ORDERED**, that defendants Martin Brody and Yitzchok D. Brody's motion for summary judgment under Insurance Law §§ 5102(d) and 5104(a) is **GRANTED** and the complaint is **DISMISSED**; and it is further

**ORDERED**, that plaintiff's cross-motion to serve an amended bill of particulars is denied as moot; and it is further

**ORDERED**, that any and all other requests for relief are **DENIED**.

This constitutes the decision and order of the court.

**ENTER**

Hon. Richard J. Montelione, J.S.C.

2025 JAN 15 A 9: 40 KINGS COUNTY CLERK FILED

[* 4]