OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant Sitnir moves for an order granting him summary *125 judgment, upon the ground that the plaintiff did not sustain a “serious injury”, as defined in Insurance Law § 5102 (d). Although such motions are usually somewhat routine, this particular motion requires the court to decide a novel question: whether a plaintiff, in opposing the motion for summary judgment, may properly rely upon a treating physician’s affidavit which was not based upon a recent medical examination.
The Absence of Proof of a Recent Medical Examination
Where the proponent of a motion for summary judgment makes a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action, or to tender an acceptable excuse for his or her failure to do so. (Vermette v Kenworth Truck Co., 68 NY2d 714, 717 [1986]; Zuckerman v City of New York, 49 NY2d 557, 560, 562.) Like the proponent of the motion, the party opposing the motion must set forth evidentiary proof in admissible form in support of his or her claim that material triable issues of fact exist. (Zuckerman v City of New York, supra, at 562.)
Here, plaintiff submitted, in opposition to the motion for summary judgment, an affirmation prepared by counsel, an affidavit prepared by plaintiff and an affidavit prepared by plaintiff’s treating physician. The affidavit prepared by plaintiffs treating physician was concededly based upon a series of medical examinations of plaintiff conducted soon after the claimed injury but at least four years prior to the filing of the motion for summary judgment. No additional medical proof was submitted by plaintiff and the physician did not explain in his affidavit the reason for the absence of a more recent medical examination.
Defendant argues that because plaintiffs treating physician’s affidavit was not based upon a recent medical examination, the affidavit is insufficient to defeat the motion for summary judgment. In support of his argument, defendant relies upon a string of serious injury-section 5102 (d) cases decided by the Second Department — Loiacano v Lawrence (214 AD2d 704 [2d Dept 1995]); Yamin v Brougham Bus Transp. (220 AD2d 739, 740 [2d Dept 1995]); and Marshall v Albano (182 AD2d 614 [2d Dept 1992]). In each of the foregoing cases, and other oft-cited cases not cited by defendant (see, Philpotts v Petrovic, 160 AD2d 856, 857 [2d Dept 1990]; Covington v Cinnirella, 146 *126 AD2d 565, 566 [2d Dept 1989]), the Appellate Division either grants summary judgment for the defendant or affirms the grant of summary judgment for the defendant on the principal ground that the treating doctor’s affidavit, submitted in opposition to the motion for summary judgment, was based upon a stale medical examination of the plaintiff and neither the physician nor the plaintiff has offered any explanation for the significant temporal gap.
The Appellate Division’s rationale for requiring a recent medical examination, although not explicitly set forth by the Appellate Division, is patently obvious: an opposing affidavit based upon a recent medical examination substantiates, or, at the very least, purports to substantiate, that portion of a plaintiffs serious injury claim which alleges some sort of permanent or significant injury — that is, an injury which has an extended duration element. Conversely, the absence of proof of a recent medical examination leaves an important evidentiary vacuum in a plaintiff’s opposition to a motion for summary judgment, where the plaintiff is claiming some form of permanent or significant injury.
As well settled and familiar as the aforementioned holdings are, they do not dictate the result, or even apply, in this particular case. Although the requirement of a recent medical examination has never been expressly limited to cases in which the plaintiff is alleging a serious injury with a permanency or a significant limitation element, it is exceedingly clear to the court that the requirement of a recent medical examination should apply only when the plaintiff is alleging such an injury. Thus, the requirement only applies when the plaintiff is alleging an injury which has an extended duration element as defined in Insurance Law § 5102 (d) — such as (1) “permanent loss of use of a body organ, member, function or system”, (2) “permanent consequential limitation of use of a body organ or member”, or (3) “significant limitation of use of a body function or system”. (Ibid.)
That requirement should not apply, however, where, as here, the plaintiff is alleging not “permanent” or “significant” injury (both of which have an extended duration element), but instead is alleging a “medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impair *127 ment.” (Insurance Law § 5102 [d] [emphasis added].) The latter claim, by its very terms (ibid.), does not have a duration element beyond the 180 days set forth in the statute. (See, Kraemer v Henning, 237 AD2d 492, 493 [2d Dept 1997] [a “significant limitation” claim, which has a duration element, is wholly distinct from a claim that the plaintiff sustained a “medically determined injury * * * of a non-permanent nature”].)
Under these circumstances, proof of a recent medical examination would not be particularly relevant or probative. Indeed, the court has not found a single case which applies the requirement of a recent medical examination to a nonpermanent injury claim.
Notably, the requirement of a recent medical examination is not statutorily based. Instead, the requirement is based upon the commonsense principle of relevance. Defendant fails to set forth any reason at all to apply the recent medical examination requirement beyond its logical limits. Thus, the court holds that proof (via an affidavit based upon a recent medical examination) that a plaintiff is still injured, four years after an accident, is simply unnecessary when the plaintiff, like the plaintiff here, is alleging a “medically determined injury or impairment of a non-permanent nature” (Insurance Law § 5102 [d]).
In view of the court’s ruling, it is clear that plaintiff has submitted adequate proof (i.e., Dr. Starosta’s affidavit and plaintiff’s affidavit) to establish, at the very least, the existence of material issues of fact regarding the question of whether plaintiff sustained a “medically determined injury or impairment of a non-permanent nature”, as defined in Insurance Law § 5102 (d) — that is, assuming that defendant met his burden in the first instance, which he has not.
Accordingly, defendant Sitnir’s motion for summary judgment against plaintiff is denied.