JERID REILLY, Respondent, v MARVIN FULMER, Respondent, and NATHAN L. HILL et al., Appellants. [780 NYS2d 830]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered May 21, 2003 in Chemung County, which denied the motion of defendants Nathan L. Hill and Carrie A. Clark for summary judgment dismissing the complaint and any cross claims against them.

Plaintiff was involved in two motor vehicle accidents occurring approximately four months apart. The first took place in October 1999 when defendant Marvin Fulmer allegedly failed to

stop for a red light and struck the passenger side of plaintiff's car. Following the accident, plaintiff sought treatment for, among other things, purported injuries to his lower back. In February 2000, an automobile driven by defendant Nathan L. Hill and owned by defendant Carrie A. Clark struck the rear of plaintiff's vehicle while he was stopped at a red light. He continued seeking treatment for back problems, which he states worsened after the second accident. A May 2000 MRI scan showed disc bulging and a February 2001 discography of his lumbar spine revealed annular tears of varying degrees at L1-2, L2-3, L3-4, L4-5 and L5-S1.

Plaintiff commenced this action in March 2002. In his subsequent bill of particulars, he alleged that he sustained back injuries in the first accident and that such injuries were aggravated in the ensuing accident. Prior to the completion of discovery, Hill and Clark moved for summary judgment dismissing the complaint as to them upon the ground that plaintiff did not suffer a separate serious injury in the second accident. Supreme Court denied the motion. Hill and Clark appeal.

The issue before us is narrow. Hill and Clark did not seek to establish before Supreme Court that plaintiff, who was not deposed when this motion was made, did not sustain any serious injury. Instead, their argument focused on the contention that the medical records established that plaintiff did not suffer a serious injury in the second accident. Generally, a successive tortfeasor's liability is limited to the separate injury or aggravation caused by his or her conduct, unless the injuries are incapable of practicable allocation, in which instance joint and several liability may be implicated (see Ravo v Rogatnick, 70 NY2d 305, 310 [1987]; La Fountaine v Franzese, 282 AD2d 935, 938 [2001]). Moreover, the fact that an earlier injury or condition makes an individual more susceptible to a subsequent injury does not provide a ground for the later tortfeasor to fully escape liability (see Owen v Rochester-Penfield Bus Co., 304 NY 457, 460-461 [1952]; Medina v Samroeng Chownwai, 211 AD2d 526, 527 [1995]; Matter of Sanchez v New York State & Local Police & Fire Retirement Sys., 208 AD2d 1027, 1028 [1994]).

Here, plaintiff's submissions in opposition to the motion for summary judgment included an affirmation from Robert Madden, who was one of plaintiff's treating physicians. Madden opined that both accidents were the type that could cause lower back injury, the first accident was a substantial factor in causing plaintiff's annular tears and the second accident "increas[ed] and exacerbat[ed] the pre-existing problem with [plaintiff's] lower back." He further stated that "because of the nearness in

time between the two collisions, and the fact that no discogram or post-discogram CT scan was performed of [plaintiff's] lower back between the two collisions, it is extremely difficult, if not impossible, to determine the degree of subsequent injury caused by the second collision." Viewing this evidence in the light most favorable to plaintiff at this procedural juncture (*see Armstrong v Morris*, 301 AD2d 931, 933 [2003]) and assuming that plaintiff will ultimately be able to prove that, by the conclusion of the second accident, he had suffered a qualifying serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]), the record before us does not establish as a matter of law that the second accident played no role in causing that serious injury. We thus agree with Supreme Court's decision denying summary judgment.

Mercure, J.P., Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.