Nicholas Daisernia, Plaintiff, and B. Louise Roberts, Appellant, v Michelle E. Thomas et al., Respondents. [785 NYS2d 162]—

Kane, J. Appeal from an order of the Supreme Court (Spargo, J.), entered July 2, 2003 in Greene County, which granted defendants' motion for summary judgment dismissing the complaint.

The only question in this personal injury action is whether plaintiff B. Louise Roberts (hereinafter plaintiff) has submitted sufficient evidence to show that her shoulder injury is causally related to the accident so as to prevent summary judgment. Agreeing with Supreme Court that plaintiff has not met her burden on the serious injury threshold, we affirm.

Plaintiff was a passenger in a car rear-ended by another vehicle owned by one defendant and operated by another defendant. Plaintiff was removed from the car on a backboard and taken to the hospital, where she was diagnosed with cervical and lumbar sprains and released. Although her bill of particulars indicated

that she suffered injuries to her upper back, shoulder blades, neck and right shoulder, she testified several times at her examination before trial that her complaints were limited to her back injuries and that any complaints with regard to her shoulder were not related to this car accident. Based on that testimony, plaintiff's medical records and the report and affidavit from their independent medical examiner, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff failed to meet the serious injury threshold imposed by Insurance Law § 5102 (d). Supreme Court granted that motion.

Defendants' submissions met their initial burden of showing that plaintiff did not suffer a serious injury causally related to the accident (see Drexler v Melanson, 301 AD2d 916, 917 [2003]). The burden then shifted to plaintiff to produce competent medical evidence creating a genuine factual issue concerning the existence of such a serious injury (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; John v Engel, 2 AD3d 1027, 1028 [2003]). Plaintiff failed to meet that burden. Her own testimony repeatedly confirmed that she was not seeking recovery for her shoulder injury, as treatment of that injury was preexisting and unrelated to this accident. The emergency room records do not mention any complaints related to the shoulder. Her records from other medical providers note a history of prior shoulder problems, and no provider ever specifically causally linked any shoulder injury to the accident (see Franchini v Palmieri, 307 AD2d 1056, 1057 [2003], affd 1 NY3d 536 [2003]). Plaintiff cannot create questions of fact to avoid summary judgment by contradicting her own deposition testimony through her self-serving affidavit submitted in opposition to the motion (see Campagnano v Highgate Manor of Rensselaer, 299 AD2d 714, 715 [2002]). Even if her affidavit was sufficient to show that she was restricted from performing substantially all of her usual and customary daily activities for 90 out of the first 180 days following the accident, any serious injury under that category must still be supported by medical evidence based upon objective findings and tests substantiating the injury and connecting it to the accident (see Drexler v Melanson, supra at 918; June v Gonet, 298 AD2d 811, 812 [2002]). Based on plaintiff's failure to causally connect her shoulder injury to the accident, as required to meet her burden on the serious injury threshold, Supreme Court properly granted defendants' motion dismissing the complaint.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.