■ AHMED MOHAMED, Respondent, v JEAN N. SIFFRAIN, Appellant. [797 NYS2d 532]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 23, 2004, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendant's neurologist and orthopedist examined the plaintiff approximately four years after the accident and found, inter alia, that he had a full range of motion in his cervical and lumbar spines, shoulders, and knees, and no evidence of any neurological deficits. In addition, the defendant's radiologist reviewed the plaintiff's magnetic resonance imaging films which revealed that the cervical spine was normal, and that the plaintiff's left knee exhibited only degenerative changes. The explanation of the plaintiff's physician for the 4½-year lapse in time between the conclusion of medical treatments and the date of his examination of the plaintiff is unsupported by the record (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Jimenez v Kambli*, 272 AD2d 581, 582 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]). The plaintiff's explanation was not sufficient to raise a triable issue of fact (*see Villalta v Schechter*, 273 AD2d 299, 300 [2000]). Furthermore, the physician's findings were based upon the unsworn medical reports of others (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]), as well as upon the plaintiff's own subjective complaints of discomfort and pain (*see Davis v New York City Tr. Auth.*, 294 AD2d 531, 532 [2002]; *Barrett v Howland*, 202 AD2d 383, 384 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]).

Moreover, the plaintiff did not submit any competent medical evidence to support a claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]).

Accordingly, the defendant was entitled to summary judgment

dismissing the complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.