■ ANN M. MCNAMARA, Appellant, v LEE A. WOOD et al., Respondents, et al., Defendants. [797 NYS2d 606]—

Rose, J. Appeals (1) from an order of the Supreme Court (Mulvey, J.), entered July 6, 2004 in Tompkins County, which, inter alia, granted a motion by defendants Lee A. Wood and Charles Wood, Jr. for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.

Plaintiff commenced this action for injuries to her right knee allegedly sustained when her car was struck from behind on two separate occasions, the first in May 1999 by a vehicle operated by defendant Lee A. Wood and the second in August 2001 by a vehicle operated by defendant Tun Win. Wood and defendant Charles Wood, Jr. (hereinafter collectively referred to as defendants) moved for summary dismissal of the complaint on the ground that plaintiff did not suffer a serious injury as a result of the first accident as required by Insurance Law § 5104. Supreme Court granted defendants' motion, prompting this appeal by plaintiff.

Defendants met their initial burden by submitting plaintiff's deposition testimony, her unsworn medical records and the affirmed independent medical examination report of John Forrest, an orthopedist retained by the second accident defendants (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Cody v Parker*, 263 AD2d 866, 867 [1999]). Plaintiff's testimony and medical records establish that during the 26 months between the first and second accidents, she never sought or received treatment for any injury sustained as a result of the first accident. Plaintiff offered no explanation for this other than her belief that nothing could be done for her pain (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Although she did consult with a rheumatologist in August 1999, it was for an arthritic condition in her hands unrelated to the first accident, his report makes no mention of the accident or any complaints of knee pain and his examination revealed no knee effusions.

The only medical evidence of any damage to plaintiff's knee prior to the second accident is the report of her arthroscopic knee surgery, performed almost four months after the second accident. This report indicates the presence of preexisting degenerative arthritic changes to the knee, but does not relate them to the first accident. Forrest relies on this report to opine that plaintiff had knee problems that preexisted the second accident and "became symptomatic" with the first accident, but he reaches this conclusion based only on plaintiff's subjective account of her knee pain and her statement that she began limiting certain physical activities after the first accident. Forrest cites no objective evidence of the extent or degree of any physical limitations caused by the first accident (*see Owens v Nolan*, 269 AD2d 794, 795 [2000]; *cf. Reilly v Fulmer*, 9 AD3d 818, 819-820 [2004]). Since Forrest's opinion causally linking plaintiff's injuries to the first accident is not based on objective medical findings or diagnostic tests, it is conclusory and speculative and will be disregarded (*see Freese v Maffetone*, 302 AD2d

490, 491 [2003]; *Broderick v Spaeth*, 241 AD2d 898, 900 [1997], *lv denied* 91 NY2d 805 [1998]).

In response to this proof, plaintiff was required to present "competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the [first] accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *see Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002]). This plaintiff failed to do, instead relying on the same medical records and independent medical examination report submitted by defendants. Assuming, without deciding, that Forrest's opinion is sufficient to establish that plaintiff suffered a serious injury following the second accident, there still would be no competent evidence or objective findings showing a causal link between plaintiff's arthritis or any other injury and the first accident. Thus, Supreme Court properly granted defendants' motion for summary dismissal of the complaint against them (*see Daisernia v Thomas*, 12 AD3d 998, 999 [2004]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.