*901 OPINION OF THE COURT
Dianne T. Renwick, J.
In this action, plaintiff seeks to recover money damages for personal injuries sustained during an automobile accident. Reportedly, the accident occurred when an automobile operated by defendant John D. Capron and owned by defendant Ford Motor Credit Company collided with an automobile operated by plaintiff Silvano Gomez. Defendants now move for summary judgment dismissing the action on the ground that plaintiff did not sustain a “serious injury,” as that term is defined by Insurance Law § 5102. A novel issue raised by this motion is whether a three-year gap in treatment negates any claim of “serious injury,” including an injury that does not continue beyond the 90/180-day period set forth by Insurance Law § 5102.
Discussion
On a motion for summary judgment for the failure to sustain a “serious injury” within the meaning of Insurance Law § 5102 (d), the movant must make a prima facie case showing that the injured plaintiff did not sustain a “serious injury” within the meaning of the statute. Once this is established, the burden shifts to the plaintiff to come forward with evidence to overcome the defendant’s submissions by demonstrating a triable issue of fact that a “serious injury” was sustained. (See Pommells v Perez, 4 NY3d 566 [2005]; Gaddy v Eyler, 79 NY2d 955 [1992]; Grossman v Wright, 268 AD2d 79, 84 [2d Dept 2000].)
In this case, in support of their motion, defendants have submitted, inter alia, an affirmation of Dr. Burton S. Diamond, M.D., a board-certified neurologist, with regard to the doctor’s recent physical examination of plaintiff. Defendants’ submission reveals that plaintiffs subjective complaints of pain are not supported by any objective medical findings and that any injury which plaintiff may have sustained is transitory, occasional and not significant. Based upon this submission, defendants met their burden of establishing that plaintiff did not sustain a “serious injury” under Insurance Law § 5102, which requires some sort of permanent or significant injury, that is, an injury which has an extended duration (categories of “permanent consequential limitation of use of a body organ” and “significant limitation of use of a body function or system” [Insurance Law § 5102 (d)]).
In opposition to the motion for summary judgment, plaintiff submits, inter alia, an affirmed report of Richard H. Greenberg, *902 D.C., a chiropractor, with regard to plaintiffs current condition (including extreme joint movement, concomitant with overstretching of the cervical and lumbar spine), which was based upon objective medical observations, as well as objective testing such as range of motion tests. Dr. Greenberg details plaintiffs symptoms, including recurring pain and limitations of movement in the lumbar spine. Such recent examination, which indicates limitations in the lumbar or cervical spine, is usually sufficient to raise a triable issue of fact. (See e.g., Rosario v Universal Truck & Trailer Serv., 2 AD3d 362 [1st Dept 2003]; Campbell v Cloverleaf Transp., 5 AD3d 169 [1st Dept 2004].)
However, the Court of Appeals recently held that certain factors may override a plaintiffs objective medical proof of such limitations and permit dismissal of the complaint. Specifically, in Pommells v Perez, the Court of Appeals recently held that additional contributing factors, such as a gap in treatment, an intervening medical problem, or a preexisting condition would interrupt the chain of causation between the accident and the claimed injury. (4 NY3d 566 [2005], citing Franchini v Palmieri, 1 NY3d 536, 537 [2003]; see also, Mohamed v Siffrain, 19 AD3d 561 [2d Dept 2005]; Brown v Achy, 9 AD3d 30 [1st Dept 2004].)
In this case, there is an undisputed three-year gap in treatment from the time of the accident until the preparation of the medical affidavit relied upon by plaintiff in opposition to the motion for summary judgment. Plaintiff claims that the three-year gap was triggered by the discontinuance of no-fault benefits. In Pommells v Perez (supra), the Court held that while “the law surely does not require a record of needless treatment in order to survive summary judgment,” where there has been a gap in treatment or cessation of treatment, a plaintiff must offer some reasonable explanation for the gap in treatment or cessation of treatment. (Id. at 574; see also, Colon v Kempner, 20 AD3d 372 [1st Dept 2005]; Neugebauer v Gill, 19 AD3d 567 [2d Dept 2005].)
Courts that have applied Pommells (supra) have consistently held that to be reasonable the explanation must be concrete and substantiated by the record. For instance, an explanation that further treatment would have been futile or merely palliative has been deemed insufficient where based solely upon a plaintiffs own subjective beliefs, uncorroborated by medical evidence. (See e.g., McNamara v Wood, 19 AD3d 921 [3d Dept 2005].) Moreover, even where such explanation has been proffered by a doctor, it has been deemed insufficient where it is *903 contrary to the medical record. (See e.g., McNamara v Wood, 19 AD3d 921 [3d Dept 2005].) For example, in Shapurkin v SSI Seros. FLQ, Inc., plaintiff explained that he failed to pursue treatment because “it provided only temporary relief.” (2005 WL 2002452, *7, 2005 US Dist LEXIS 38481, *23 [ED NY, Aug. 19, 2005].) Such explanation was substantiated only by an affidavit from a doctor who treated plaintiff four years after the cessation of treatment. The court found that the doctor’s explanation lacked any probative value; what was required, the court explained, was evidence contemporaneous with the cessation of treatment, such as a doctor’s recommendation that further treatment would be merely palliative. (Id.; cf. Stein v Bentor, 2005 WL 2244831, 2005 US Dist LEXIS 36975 [ED NY, Sept. 15, 2005].)
This court sees no valid reason for not applying the same exacting scrutiny to the explanation offered herein, i.e., that the gap or cessation of treatment occurred when no-fault benefits were discontinued. No substantiation of this explanation has been provided to this court. At the very least, counsel for plaintiff should have provided a letter from the insurance carrier as to when and why the carrier discontinued coverage. In addition, plaintiff has failed to provide an explanation as to why he could not have continued treatment through employee health benefits which he testified he received. Nor has plaintiff provided an explanation as to why he could not have continued treatment paid out of his own pocket, since he has been employed throughout the three-year gap in treatment. Absent such substantiation, the reason proffered by plaintiff for discontinuing treatment remains conclusory and nonprobative. (Cf. McNamara v Wood, 19 AD3d 921 [3d Dept 2005]; Shapurkin v SSI Servs. FLQ, Inc., 2005 WL 2002452, 2005 US Dist LEXIS 38481 [ED NY, Aug. 19, 2005].)
To be sure, this court is mindful of the economic realities that may force injured persons who need health care to make hard choices of suddenly terminating treatment because they simply cannot afford it. Likewise, this court is cognizant that it is in the insurance carrier’s interest to deny medical payment as soon as possible. Nevertheless, this court cannot, consistent with Pommells v Perez (supra) and, its progeny, accept an explanation for gap or cessation of treatment that is unsubstantiated and inconsistent with the record. (Cf. Mohamed v Siffrain, supra; McNamara v Wood, supra.) Nor does this court find such requirement onerous.
While this court finds that plaintiff has provided an insufficient explanation for the three-year gap or cessation of treat *904 ment, this court reasons that such unexplained gap is not dis-positive of the whole case. Where there is a lengthy gap of treatment, the gap must be explained to dispel the suggestion that an injury plaintiff sustained has resolved, thus eliminating any possibility that the plaintiff sustained a “serious injury” that alleges some sort of permanent or significant injury — as in, an injury with an extended durational element (categories of “permanent consequential limitation of use of a body organ” and “significant limitation of use of a body function or system” [Insurance Law § 5102 (d)]). Plaintiff, however, also claims to have suffered an injury of the 90/180-day category.
A “serious injury” claim of the 90/180-day category by its terms does not have a duration element beyond the 180-day period set forth by Insurance Law § 5102, making a plaintiffs current condition irrelevant as to whether the plaintiff was unable to carry out her normal and customary activities during the statutory period. (See e.g., Peplow v Murat, 304 AD2d 633 [2d Dept 2003]; Troutovski v Sitnir, 180 Misc 2d 124 [Civ Ct, NY County 1999].) Therefore, a gap or cessation of treatment is irrelevant as to whether the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevents an injured person “from performing substantially all the material acts which constitute [his/her] usual and customary daily activities for not less than ninety days during the one hundred eighty days” immediately following the occurrence of the injury or impairment (Insurance Law § 5102 [d]).
Accordingly, this court must examine whether a 90/180-day claim of “serious injury” must be dismissed, notwithstanding the three-year gap in treatment. Under the 90/180-day category, “serious injury” is defined as a plaintiffs inability to perform “substantially all of the material acts which constitute[d] [her] usual and customary daily activities” for not less than 90 of the 180 days immediately following the date of the accident. (Insurance Law § 5102 [d]; see also, Mikl v Shufelt, 285 AD2d 949 [3d Dept 2001]; Sellitto v Casey, 268 AD2d 753, 755 [3d Dept 2000].) Significantly, to prevail under that category, a plaintiff must demonstrate through competent, objective proof, a “medically determined injury or impairment of a non-permanent nature” (Insurance Law § 5102 [d]) “which would have caused the alleged limitations on the plaintiffs daily activities” (Monk v Dupuis, 287 AD2d 187, 191 [3d Dept 2001]), and, furthermore, a curtailment of the plaintiffs usual activities “to a great extent rather than some slight curtailment” (Licari v Elliott, 57 NY2d *905 230, 236 [1982]; see also, Sands v Stark, 299 AD2d 642 [3d Dept 2002]).
This court finds that defendants have met their burden of establishing that plaintiff did not sustain a 90/180-day category of “serious injury.” Specifically, the evidence submitted by defendants demonstrates that plaintiff cannot establish an inability to perform the requisite acts within the prescribed period. The deposition testimony of plaintiff indicates that he missed only two to three weeks of work and he continued to perform most of his formal duties with the exception of heavy lifting. Plaintiff did not mention any curtailment of customary activities at home.
Based upon such submission, the burden shifted to plaintiff to raise a triable issue of fact. (Cf. Sands v Stark, 299 AD2d 642 [3d Dept 2002] [defendant met its burden on a 90/180-day category of “serious injury” claim by submitting the deposition testimony of the plaintiff, indicating that she returned to work as a supervisor shortly after the accident and she continued to perform most of her former duties, with the exception of heavy lifting]; Parkhill v Cleary, 305 AD2d 1088 [4th Dept 2003] [defendants met their burden on the 90/180-day category of “serious injury” claim based on the plaintiffs own deposition testimony indicating that she missed only several weeks of work after the accident and did not mention any curtailment of her customary activities].) Plaintiff, however, failed to meet his burden as he did not address this claim in his opposition to defendant’s motion for summary judgment on the threshold issue of “serious injuzy.” Thus, the 90/180-day category of “serious injuzy” claim must also be dismissed.
Conclusion
For the foregoing reasons, defendants’ motion and cross motion, seeking summazy judgment dismissing the action, on the ground that plaintiff did not sustain a “serious injury,” as that term is defined by Insurance Law § 5102, are granted.