■ ALFRED VALENTI, Appellant, v EXXON MOBIL CORPORATION, Respondent. [857 NYS2d 745]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Work, J.), entered January 20, 2007 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 12, 2007 in Ulster County, which denied plaintiff's motion for reconsideration.

Plaintiff asserts that he sustained permanent physical injuries when he slipped and fell on a patch of ice at defendant's service station in Ulster County. Thereafter, plaintiff commenced this action, alleging that defendant negligently failed to maintain its property in a reasonably safe condition. Defendant ultimately moved for summary judgment dismissing the complaint, claiming that, among other things, there is no evidence that ice caused plaintiff's fall. Supreme Court dismissed the complaint and denied plaintiff's subsequent motion, which the court deemed a motion to renew. Plaintiff appeals from both orders and we now affirm.

Initially, we reject plaintiff's argument that Supreme Court erred by denying his motion to renew. In opposing defendant's motion for summary judgment, plaintiff relied upon defendant's exhibits—which included only evidence supporting its entitlement to summary judgment—in lieu of providing his own copies of the transcripts. On his motion for renewal, plaintiff submitted the complete transcripts and conceded that he failed to do so earlier based solely upon his erroneous assumption that defendant's exhibits contained complete transcripts. In our view, plaintiff did not demonstrate a reasonable justification for his failure to present this evidence in opposition to defendant's motion for summary judgment and, thus, Supreme Court properly denied plaintiff's motion to renew (see CPLR 2221 [e]; see Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 625 [2004], lv dismissed and denied 4 NY3d 738 [2004]).

Moreover, although we agree with plaintiff that defendant failed to meet its initial burden of establishing that it " 'maintained the property . . . in a reasonably safe condition and . . .

neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846 [1997]), defendant did establish prima facie that ice was not a proximate cause of plaintiff's fall. Specifically, defendant presented the testimony of witnesses that they did not see plaintiff slip on ice, as well as plaintiff's deposition testimony that he fell while stepping off a curb after exiting defendant's store and that he never saw the ice that allegedly caused the fall. Plaintiff was therefore obligated in response "to provide proof 'sufficient to permit a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Larkins v Hayes*, 267 AD2d 524, 525 [1999], quoting *Ellis v County of Albany*, 205 AD2d 1005, 1007 [1994]).

Plaintiff, however, presented only his own affidavit in opposition, averring that he slipped on ice *prior* to entering the store, that he recalled seeing the ice before leaving the premises, and that the ice was old and "mixed with dirt and similar substances." This affidavit directly contradicts his deposition testimony, as set forth above. Inasmuch as "a nonmovant cannot 'avoid summary judgment by alleging issues of fact created by self-serving affidavits contradicting prior sworn deposition testimony' " (*Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002], quoting *Greene v Osterhoudt*, 251 AD2d 786, 788 [1998]; *see Daisernia v Thomas*, 12 AD3d 998, 999 [2004]; *Benamati v McSkimming*, 8 AD3d 815, 817 [2004]), it cannot be said that Supreme Court erred in dismissing the complaint.

Plaintiff's remaining arguments are rendered academic by our decision.

Spain, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the orders are affirmed, with costs.