Egan Jr., J. (dissenting).
Respectfully, we dissent. In relying on the video taken of the field and plaintiffs self-serving affidavit, wherein she states that she was unaware of the material used to fill the ruts that she observed on the field (see Valenti v Exxon Mobil Corp., 50 AD3d 1382, 1384 [2008]; Campagnano v Highgate Manor of Rensselaer, 299 AD2d 714, 715 [2002]), the majority disregards plaintiffs prior sworn testimony that, during the warmup before the game, she observed areas without grass, tire marks throughout the field, and ruts and big patches *759 that were lower than the rest of the field and filled in with a “sand type of stuff.” Plaintiff also testified that during the warmup prior to the game, she thought that “this is a really bad field” and “someone’s going to get hurt.” As plaintiff was aware of both the ruts on the field prior to the fall and of the consistency of the material used to fill those ruts, she assumed the risks associated with her play. To hold otherwise would essentially nullify the assumption of risk doctrine by permitting litigation when a plaintiff admits to being aware of an open and obvious condition, but is unable to foresee “the exact manner in which his or her injury occurred” (Maddox v City of New York, 66 NY2d 270, 278 [1985]). Given that the doctrine of assumption of the risk “extends to risks engendered by less than optimal conditions” (Martin v State of New York, 64 AD3d 62, 64 [2009] [internal quotation marks and citation omitted], lv denied 13 NY3d 706 [2009]), we would affirm Supreme Court’s order.